ADAM, county treasurer, *v.* COHEN, solicitor.

The act approved September 22, 1881, to establish a city court in the county of Richmond, makes the fees of the solicitor of that court which may become due him as insolvent costs a part of the expenses of the court, when there are not sufficient funds arising from fines and forfeitures. There is no general law whose uniform operation is sought to be varied by this act.

March 31, 1890.

This case was argued with the case next preceding, in the court below and in this court.

BLANDFORD, Justice.

An act approved September 22, 1881, to establish a city court in the county of Richmond (Acts 1880-1, p. 574), provides that there shall be a solicitor of the court, who shall be appointed by the governor, and who for his services "shall receive the same fees as are allowed the solicitor-general for similar services before the superior courts and the Supreme Court"; that "his fees in the city court shall be paid out of fines and forfeitures when there is a sufficiency of money arising from those sources for that purpose; but all bills

for insolvent costs that may become due to said solicitor, when examined and approved by the judge of the said court, shall, upon presentation, be paid by the treasurer of the county out of any .funds which may be in the treasury." We are clear that the fees of the solicitor which may become due to him as insolvent costs, when there is not sufficient money or funds arising from fines and forfeitures, are part of the expenses of the city court of Richmond county, made so by the act creating the court. We think, as we have stated in the case of *Adam, treasurer,* v. *Wright, solicitor-general,* just decided (*ante,* p. 720), that the legislature had a right to provide that the services of the solicitor should be paid in the manner specified in the act, and that his fees therefor are expenses of that court. There is no general law that this act seeks to vary in its uniform operation as applicable to this court. So we do not think that the act is obnoxious to the constitution; and the solicitor has the right to be paid the sum allowed him by the judge out of the county treasury.

*Judgment affirmed.*