## ATKINSON et al., commissioners, v. BAILEY.

FISH, C. J. Considered together, sections 5401, .5402, and 4385 of the Civil Code of 1895 constitute a general law, providing for the compensation of the sheriffs of the State for official duties performed by them. Therefore, the act of the General Assembly approved August 6, 1903 (Acts 1903, p. 392), entitled "An act to authorize the county commissioners of roads and revenues of Camden county to pay to the sheriff of said Camden county a salary of four hundred dollars annually in addition to the fees allowed by law to said sheriff whenever the same is recommended by the grand jury of said Camden county, and for other purposes," being a special law, is void, because in violation of that provision of the constitution of the State (Civil Code, § 5732) which declares that "Laws of a general nature shall have uniform ope ation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Accordingly, the judge of the superior court erred in granting, upon the application of the sheriff of Camden county, a mandamus absolute requiring the plaintiffs in error, the commissioners of roads and revenues of such county, to levy sufficient taxes for the year 1910 to pay the sum of four hundred dollars claimed by the sheriff as salary under the special act of August 6, 1903.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

NOVEMBER 16, 1910

Mandamus. Before Judge Conyers. Camden superior court. May 14, 1910.

*Harry F. Dunwody,* for plaintiffs in error.

*Osborne & Lawrence,* contra.