## COMMISSIONERS OF ROADS AND REVENUES OF DECATUR COUNTY *v.* MARTIN, sheriff.

1. The act approved August 7, 1924 (Acts 1924, p. 225), amending the act approved November 27, 1900 (Acts 1900, p. 104), creating the city court of Bainbridge, properly construed, requires the county authorities of Decatur County to pay from the county treasury the lawful fees of designated officers in all cases of conviction in the city court of Bainbridge, when the county authorities receive the convicts to work on the public works of the county.

2. The act of 1924, supra, properly construed, makes officer's fees of the character therein required to be paid *expenses of court* within the meaning of article 7, section 6, paragraph 2, of the constitution of this State (Civil Code of 1910, § 6562), defining the purposes for which counties may levy a tax, and does not violate that provision of the constitution on the ground that such fees are not "expenses of court." As the act is to be construed as authorizing the payment of the fees therein provided for as expenses of court, the county authorities had power, in virtue of the above-mentioned provision of the constitution, to levy a tax for the purpose of paying such fees.

3. In so far as it provides for payment of officer's fees in specified instances, the act of 1924, supra, is not violative of article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), inhibiting the passage of a special law for which there is provision by an existing general law, on the ground, as alleged, that at the time of the passage of the act the statutes as embodied in § 790 (ccc) of Park's Penal Code and § .1118 of the Penal Code of 1910 were existing general laws providing for payment of such fees. The provisions of the statute last above referred to were not made to affect courts created by special act of the legislature, such as the city court of Bainbridge.

4. In a mandamus proceeding instituted by the sheriff of the city court of Bainbridge against the county commissioners of Decatur County, to compel payment of fees to that officer as provided in the act of 1924, supra, and the levy of a tax for the purpose of making such payment, the county was not a necessary party defendant.

5. A petition of the character mentioned in the preceding division was filed on December 6, 1924, alleging a refusal of duty by the respondents, after demand, to pay specified fees to petitioner that accrued under the act of 1924, supra, during the months of August, September, October, and November, notwithstanding there were sufficient funds in the treasury of the county to pay the demands, and praying that the respondents be required to pay the several amounts. The petition was amended by alleging that the respondents "have in the treasury funds  .  .  raised by tax levy for expenses of court,  .  .  sufficient to pay this claim," and by adding a prayer that respondents "be required to levy a tax in 1925, sufficient to pay all said expenses of court  .  . in 1924 up to the time of levying the new tax in 1925 and for the entire year of 1925." *Held:*

(*a*) The petition as amended alleged a cause of action for mandamus requiring payment of the specified fees alleged to have accrued in 1924 after the passage of the act of 1924, for which it was alleged there had been a demand and refusal; therefore the whole petition was not subject to general demurrer, nor was so much of it as related to fees that accrued in 1924 subject to demurrer on the ground that the petition did not allege that a tax had been levied or funds had been raised which the respondents would be authorized to apply to such claims.

(*b*) In so far as the prayers referred to fees that might accrue subsequently to the specific items set out in the petition in 1924 and in 1925, the amounts of which were not stated and for which no refusal of demand was alleged, the petition was subject to general demurrer; and the error in overruling the demurrer as to such matters rendered all further proceedings with reference thereto nugatory.

6. The respondents' answer admitted paragraphs one, two, and four of the petition, which alleged the official character of the petitioner and respondents, and that the petitioner had made demands for payment of the fees and the respondents had refused the demands. All other paragraphs of the petition were denied. After denying the eighth paragraph of the petition, which alleged that there are sufficient funds in the treasury of the county to pay the alleged fees, the respondents' answer alleged: "There are no funds in the treasury of Decatur County, which can be lawfully appropriated to the payment of plaintiff's demand, and further deny that any taxes have been levied or collected, which can be lawfully appropriated to the payment of said demands; and further deny that the defendants have lawful authority to levy a tax for such purpose." The judge's order rendered at a hearing of the case required the respondents "to levy a tax in 1925, sufficient to pay the expenses of the court for 1924 and 1925 to cover the fees as provided in the act of 1924, . . as prayed in the petition, as amended." *Held:* Relatively to the fees that were specified in the petition as accruing in 1924 after the passage of the act of 1924, the judgment absolute requiring the levy of a tax was not erroneous, as contended, on the grounds: (a) That the act of 1924, relied on as a basis for requiring payment of the fees out of the county treasury, was unconstitutional. (b) If there are no funds in the county treasury from which the fees can be lawfully paid, the respondents have no authority of law to levy a tax in 1925 to pay the same. (c) If the petitioner had any right to compel the respondents to raise the money to pay the fees in 1924, he should have proceeded during that year. (d) If money was lawfully raised by taxation during 1924 but has been applied by the county authorities to other obligations of the county, the county authorities can not be compelled to levy another tax to pay the petitioner's fees accruing in the year 1924. (e) The petition as amended alleges that the money is in the county treasury already raised by lawful taxation to pay the fees for the year 1924, and therefore the court improperly passed the order compelling the respondents to make an additional levy to raise money to be applied to the payment of the petitioner's demand.

7. Relatively to the ground of the exception dealt with in subparagraph (e) of the sixth division, the respondents' answer denied that there was money in the county treasury raised by lawful taxation with which to pay the fees. This answer was in response to allegations of the petition that there were such funds in the county treasury. The respondents did not assign error on the judgment on account of omission to refer the issue this raised to the jury, and are not entitled to a judgment of reversal on the ground that the trial judge accepted as true the allegations in the answer that there were no such funds in the county treasury.

8. In so far as the mandamus absolute required the respondents to levy the tax to pay the fees of the officers alleged in the petition to have accrued in 1924, the judgment of the trial court will be affirmed. The bill of exceptions does not assign error on the ground that the judge decided any issue of fact that should have been submitted to the jury.

9. In so far as the judgment required the levy of a tax in excess of the tax indicated in the eighth division, the judgment of the trial court

will be reversed on account of the antecedent error in overruling the demurrer as indicated in subparagraph (a) of the fifth division.

10. The plaintiffs in error having procured a substantial modification of the judgment of the trial court, the costs of bringing the case to the Supreme Court will be taxed against the defendant in error.

No. 4729.   November 12, 1925.

Mandamus. Before Judge Custer. Decatur superior court. January 17, 1925.

*H. G. Bell* and *Pottle & Hofmayer,* for plaintiffs in error.

*Hartsfield & Conger, G. G. Bower* and *T. S. Hawes,* contra.

ATKINSON, J. S. W. Martin, as sheriff of the city court of Bainbridge, instituted mandamus proceedings against the board of commissioners of roads and revenues of Decatur County. The petition alleged, that the fiscal affairs of the county were in charge of the defendants; that certain persons had been convicted, in the city court of Bainbridge, of misdemeanor offenses, and after sentence by the court had been received by the county and put to work on the public works of the county; that during the months of August, September, October, and November stated costs had accrued to petitioner in the respective cases, which had not been paid; that in the circumstances it was the duty of the defendants, imposed by the act of 1924 (Acts 1924, p. 225), to pay the petitioner his said costs, but nevertheless they had refused payment after demand; and that there were sufficient funds in the county treasury to pay the costs. The prayers were, for mandamus nisi, and that on the hearing the defendants be required to pay the specified items of cost. The defendants filed a general demurrer which was elaborated as follows: (3) "Because there is no allegation in the petition that any tax has been levied or any fund raised which the defendants would be authorized to appropriate to the plaintiff's demand." (4) "Because under the law, and especially under the provisions of the constitution of the State of Georgia, found in Civil Code of 1910, section 6562, the defendants have no power to levy a tax to pay the plaintiff's demand, and if the act of the General Assembly of Georgia, approved August 7th, 1924, found in the Acts of 1924, page 225, amending the act establishing the city court of Bainbridge, should be construed as authorizing the defendants to levy and collect such a tax, said act would be unconstitutional as being in violation of article 7, section 6, paragraph 2, of the constitution of Georgia, found in section

6562 of the Civil Code." (5) "Because said act of the General Assembly amending the act establishing the city court of Bainbridge, approved August 7, 1924, is in violation of article 1, section 4, paragraph 1, of the constitution of Georgia, found in Civil Code sec. 6391, which prescribes that laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law, and that said act is a special law providing for the payment of fees to officers of court in the city court of Bainbridge, and contravenes the general law of the State of Georgia, codified in sec. 790(ccc) and sec. 1118 of Park's Penal Code of Georgia of 1910, which sections provide a general scheme for the payment of insolvent costs of the solicitor-general, sheriff, and clerk of the court of this State." (6) "Because of the nonjoinder of parties defendant to the action, in that Decatur County is not named as a party defendant to the action."

The defendants also filed an answer admitting the official character of the petitioner and the respondents, and refusal of the demands for payment of the alleged fees, but denying all other allegations of the petition. In the concluding paragraph the answer alleged: "There are no funds in the treasury of Decatur County, which can be lawfully appropriated to the payment of plaintiff's demand; and further deny that any taxes have been levied or collected, which can be lawfully appropriated to the payment of said demands; and further deny that the defendants have lawful authority to levy a tax for such purpose." After the demurrer and answer were filed the plaintiff amended his petition by alleging that the defendants had in the treasury of the county, raised by tax levy for expenses of court, sufficient funds to pay the claim, and by praying that defendants be "required to levy a tax in 1925, sufficient to pay all said expenses of court, including any convictions in 1924 up to the time of levying the new tax in 1925 and for the entire year of 1925." The demurrer to the petition was renewed to the petition as amended. The judge overruled the demurrer, and on the same day rendered a judgment requiring the defendants to levy a tax in 1925, "sufficient to pay the expenses of the court for 1924 and 1925 to cover the fees . . as prayed in the petition as amended," but providing further that "mandamus absolute to pay the fund at this time is passed to be decided by a

jury." The defendants excepted. The bill of exceptions assigns error on the judgment overruling the demurrer, on the ground that each ground of demurrer should have been sustained. Error was assigned also on the judgment absolute, on the grounds: (1) "There is no valid law authorizing the defendants to make said levy, the act of 1924 relied upon by the plaintiff being unconstitutional and void for the reasons set forth in the defendants' demurrer." (2) "The court erred in granting the mandamus requiring the commissioners to levy a tax for the year 1924, for the additional reason that if there are no funds in the county treasury from which the fees due the plaintiff for 1924 can be lawfully paid, the commissioners have no authority of law to levy a tax in 1925 to pay said fees, the whole scheme of county taxation in this State being that each year must take care of itself; and for the further reason that if the plaintiff had any right to obtain a mandamus against the commissioners to compel them to raise money to pay his fees in 1924, he should have proceeded, during that year, to apply for a mandamus to compel the levy of a tax, and for the further reason that if, as alleged in the petition as amended, money was lawfully raised by taxation during 1924 for said purpose, and has been applied by the county authorities to other obligations of the county, a mandamus absolute can not be directed against the county authorities to levy another tax to pay the fees due the plaintiff for the year 1924, under and by virtue of the authority contained in the local act of 1924, amending the act establishing the city court of Bainbridge." (3) "The mandamus absolute, in so far as the year 1924 is concerned, was erroneously granted, for the additional reason that the petition as amended expressly alleges that the money is in the county treasury already raised by lawful taxation to pay the fees due for the year 1924; and, in view of said allegation, the court improperly passed the order compelling the county commissioners to make an additional levy to raise money, which was alleged to be already in the treasury, and which could be lawfully applied to the plaintiff's demand."

1. The act approved August 7, 1924 (Acts 1924, p. 225), provides for the amendment of the act approved November 27, 1900 (Acts 1900, p. 104), creating the city court of Bainbridge, by adding the following provisions: "That the county commissioners of roads and revenues in and for Decatur County, Georgia, and other

county officers having charge of the fiscal affairs of Decatur County, Georgia, shall, upon receipt of misdemeanor convicts which have been convicted in the city court of Bainbridge, of said County of Decatur, pay to the officers of said court and to the justices of the peace and constables, out of the county treasury of Decatur County, as compensation for services rendered in the trial and conviction of said convicts so delivered to the said county commissioners of roads and revenues for said county, and the proper authorities authorized by said county to receive such convicts for work on the public roads in said county and such other places as the same may be worked under the law, the legal fees and costs as fixed by law in such cases only. . . That said convicts, so convicted in the city court of Bainbridge, shall not be worked upon the public roads and other public works of said county unless the costs and fees of the officers of the court and the justices of the peace and constables in such cases are paid by said county commissioners of roads and revenues of Decatur County and other county officers having charge of the fiscal affairs of Decatur County, Georgia." These provisions of the act, properly construed, require the county authorities to pay from the county treasury the lawful fees of the designated officers in all cases of conviction in the city court of Bainbridge, where the county authorities receive the convicts to work on the public works of the county. The sheriff of the city court is an officer of that court, in virtue of section 10 of the act of 1900 (Acts 1900, p. 104), which declares, in part: "That the sheriff of Decatur county shall, by virtue of his office, be sheriff of said city court." Such officer is entitled to fees in virtue of the same section, which declares, in part: "Said sheriff shall receive the same fees as are now or may hereafter be allowed by law to the sheriff of Decatur County." Therefore there is provision in the statute for payment, to the sheriff of the city court of Bainbridge, of fees as above indicated to be paid in the circumstances mentioned from appropriate funds in the treasury of the county.

2.  It is insisted by the respondents that the provision for the payment of the fees of the designated officers is not a provision for payment of "court expenses," within the meaning of article 7, section 6, paragraph 2, of the constitution of this State (Civil Code, § 6562), which authorizes counties to levy taxes for "court expenses," and therefore that the act is violative of that provision

of the constitution and void, and consequently the county authorities have no power to levy a tax to pay such fees. In *Adam* v. *Cohen,* 84 *Ga.* 725 (11 S. E. 895), it was held: "The act approved September 22, 1881, to establish a city court in the County of Richmond, makes the fees of the solicitor of that court which may become due him as insolvent costs a part of the expenses of the court, when there are not sufficient funds arising from fines and forfeitures." In the opinion it was said: "An act approved September 22, 1881, to establish a city court in the County of Richmond (Acts 1880-1, p. 574), provides that there shall be a solicitor of the court, who shall be appointed by the Governor, and who for his services 'shall receive the same fees as are allowed the solicitor-general for similar services before the superior courts and the Supreme Court;' that 'his fees in the city court shall be paid out of fines and forfeitures when there is a sufficiency of money arising from those sources for that purpose; but all bills for insolvent costs that may become due to said solicitor, when examined and approved by the judge of the said court, shall, upon presentation, be paid by the treasurer of the county out of any funds which may be in the treasury.' We are clear that the fees of the solicitor which may become due to him as insolvent costs, when there is not sufficient money or funds arising from fines and forfeitures, are part of the expenses of the city court of Richmond County, made so by the act creating the court. We think, as we have stated in the case of *Adam, treasurer,* v. *Wright, solicitor-general,* just decided (ante, p. 720), that the legislature had a right to provide that the services of the solicitor should be paid in the manner specified in the act, and that his fees therefore are expenses of that court. There is no general law that this act seeks to vary in its uniform operation as applicable to this court. So we do not think that the act is obnoxious to the constitution; and the solicitor has the right to be paid the sum allowed him by the judge out of the county treasury."

That decision was followed and applied in *Chatham County* v. *Gaudry,* 120 *Ga.* 121 (47 S. E. 634), and *Clark* v. *Eve,* 134 *Ga.* 788 (68 S. E. 598). In the latter case it was said: "The power to create local city courts is recognized in the constitution. At the time of the adoption of the constitutional provision above mentioned [article 7, section 6, paragraph 2], city courts were in existence, and the salaries of the judges were paid by local taxation.

The recognition of such courts by the constitution also embraces the recognition of the organization thereof and the manner of payment of the salaries of the judges. The several provisions of the constitution above mentioned should be construed together, and, so construing them, salaries of judges of the city courts may be properly classed as expenses of court within the meaning of the constitution relative to the levy of taxes by counties." The same principle was applied in *Clark* v. *Black,* 136 *Ga.* 812 (72 S. E. 251), which involved payment of the fees of the solicitor of the city court of Richmond County out of the county treasury. In that case it was said: "It was within the power of the legislature to provide that the salary of the solicitor, in whole or in part, should be paid from the county treasury. His salary was an expense of court, to pay which a tax could be constitutionally levied." See also *McWilliams* v. *Smith,* 142 *Ga.* 209 (5) (82 S. E. 569). The city court of Bainbridge, like the city court of Richmond County, was a local court created by statute, having jurisdiction all over the county, and belonged to a class of courts the creation of which was authorized by the constitution. The constitutional power to create the court would ordinarily include power to create the officers of the court and provide for their compensation and payment thereof, whether by salary or fees. Being such local court for the whole county, the expense of operating it would naturally be a county expense that should properly be classed as a court expense. Under application of the principles stated in the foregoing decisions, the amending act of 1924, set out in the first division, should be construed as requiring payment of the fees of the officers as *expenses of court.* When so construed the act is not violative of article 7, section 6, paragraph 2, of the constitution, hereinabove referred to. That provision of the constitution expressly authorizes counties to levy a tax for payment of court expenses, and consequently the county authorities had power to levy a tax for such purpose.

This ruling is not opposed to the decision of this court in *Clark* v. *Hammond,* 134 *Ga.* 792 (68 S. E. 600), holding: "Under a proper construction of art. 6, sec. 13, par. 1 and 2, of the constitution of 1877, salaries of the judges of the superior courts are payable exclusively from the State treasury. In so far as the act of 1904 (p. 73), as amended by the act of 1905 (p. 100) and the act

of 1906 (p. 56), purports to supplement salaries of the judges of the superior courts from county treasuries, it is void." That decision was founded on the provision of the constitution requiring the salaries of the judges of the superior courts to be paid out of the treasury of the State. In the opinion in that case several of the above-mentioned cases were distinguished, and it was said: "What has been said relates exclusively to the salaries of the judges of the superior courts, and is not intended to apply to the salaries of judges of county courts, city courts, or other courts which existed at the time of the adoption of the constitution, or which may have been subsequently created by law, as authorized in art. 6, sec. 1, par. 1, of the constitution of 1877 (Civil Code, § 5831). That provision of the constitution declared: 'The judicial powers of this State shall be vested in a Supreme Court, superior courts, courts of ordinary, justices of the peace, commissioned notaries public, and such other courts as have been or may be established by law.' At the time of its adoption the city courts of Atlanta and Savannah were in existence, and the salaries of the judges were payable from sources other than the State treasury. The same may be said of the county courts. The provision for other courts in this article of the constitution, at a time when such courts as city courts and county courts actually existed, and the salaries of the judges thereof were being paid from local sources, was a distinct recognition that as to such courts the salaries of the judges were not intended to be paid by the State." In *Wall* v. *Morris,* 149 *Ga.* 632 (101 S. E. 683), the Justices of this court were not in accord on the question as to whether the act approved August 8, 1918 (Acts 1918, p. 369), being "An act to abolish the fee system now existing in the superior courts of the Cordele Circuit," etc., and providing for a salary of the solicitor-general of the Cordele Circuit to be paid out of the county treasury, was violative of article 7, section 6, paragraph 2, of the constitution. The majority of the court, under application of the cases hereinbefore cited, were of the opinion that the salary of the solicitor-general was an expense of court within the meaning of the constitution, whereas the minority were of the opinion that inasmuch as the constitution provided for salaries of the judges of the superior courts and salaries of the solicitors-general of the several judicial circuits in the State in one and the same clause, counties could no more supplement the salaries of the

solicitors-general by local taxation than they could the salaries of the judges of the superior courts by local taxation.

The case also differs from *Adair* v. *Ellis,* 83 *Ga.* 464 (10 S. E. 117). In that case two former solicitors of the city court of Atlanta had claims for certain amounts on account of insolvent costs not collected by them from the fines and forfeiture funds arising in that court. In these circumstances the legislature passed an act approved August 3, 1889 (Acts 1889, p. 1153), authorizing the commissioners of roads and revenues of Fulton County to levy a tax to pay a certain proportion of the amount of such insolvent costs. In a mandamus proceeding the judgment was adverse to the respondents, and on exception the judgment of the trial court was reversed. It was held by this court that the insolvent costs of the former solicitors of the city court of Atlanta were not part of the "expenses of court" within the meaning of the constitution. The act creating the city court of Atlanta contained provisions for the payment of insolvent costs from fines and forfeitures, but did not contain any provision for payment thereof from any other source, or purport to declare them to be expenses of court. The act of 1889, supra, did not purport to amend the act creating the city court of Atlanta or to become a part thereof, but was expressly an act to authorize the compromise and adjustment of pre-existing claims of designated persons for insolvent costs due them as solicitors of the city court of Atlanta, and to provide for the payment thereof. These features of the case distinguish it from the case under consideration and the case of *Adam* v. *Cohen,* 84 *Ga.* 725 (supra), and the above-mentioned cases that followed it. Here the act creating the city court of Bainbridge, as amended by the act of 1924, made express provision for payment of the sheriff's costs, such as are involved in this case, from the county treasury; and the fees for which the sheriff is contending accrued after enactment of the law that authorized them to be paid from the treasury. It was insisted that the county authorities did not have power to levy a tax to pay the fees. That contention is without merit. Having decided that the statute should be construed as authorizing payment of the fees as expenses of court within the meaning of the constitution, there is authority to levy a tax for the payment thereof. Article 7, section 6, paragraph 2, of the constitution expressly authorizes counties to levy a tax to pay expenses of court.

3. It is said that the act of 1924, supra, is a special law in a case for which provision is made by an existing general law, and therefore that it is void as being in violation of article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391). The alleged existing general law is to be found in Park's Penal Code (1914), § 790(ccc), and Penal Code (1910), § 1118. Park's Penal Code § 790(ccc) was taken from an act approved August 14, 1885 (Acts 1884-5, p. 470), and an act approved December 20, 1893 (Acts 1893, p. 57). The provision of the section of Park's Penal Code was not included in the Code of 1910, and consequently is not included in the general act approved August 15, 1910 (Acts 1910, p. 48), adopting the Code of 1910. By reference to the acts of the legislature it appears that the act of 1885 was the act creating the city court of Macon, and that the courts that were contemplated by the act of 1893 were city courts that were authorized by statute to be established by recommendation of the grand jury. The acts in question did not refer to or become a part of any local or special act creating other city courts, created by special act of the legislature,' such as the city court of Bainbridge. Consequently the provisions of the acts so codified in Park's Code did not provide for payment of the fees of the officers of the city court of Bainbridge, and were not such existing general laws as would render the special amendatory act, providing that the fees of the officers of the city court of Bainbridge should be paid out of the county treasury, violative of article 1, section 4, paragraph 1, of the constitution (Civil Code, § 6391) which inhibits the passage of a special law for which provision is made by an existing general law. The provision of the Penal Code, § 1118, quoted above, was included in the Code of 1910, and was a codification of the act approved February 29, 1876 (Acts 1876, p. 108); but the 6th section of the above act which is now embodied in the Penal Code, § 1123, provides: "The foregoing sections do not apply to a city court, . .," thus showing expressly that it was not a general law relating to compensation for officers of city courts. See *Adam* v. *Cohen* and *Clark* v. *Black*, supra.

The case differs on its facts from *Clark* v. *Reynolds,* 136 *Ga.* 817 (8) (72 S. E. 254). The question there was whether the act of 1893 (Acts 1893, p. 485) and the amendatory act of 1894 (Acts 1894, p. 93), authorizing the treasurer of Richmond County

to pay the solicitor-general of the Augusta Circuit semi-annually his bill of insolvent costs for services in Richmond superior court upon recommendation of the grand jury, was violative of article 1, section 4, paragraph 1, of the constitution (Civil Code, § 6391), on the ground that it was a special law for which provision was made by an existing general law. The existing general law was Penal Code, §§ 1126 and 1130, relating to salary and fees of the solicitors-general and their payment from the fund of fines and forfeitures. It was held that the existence of the general law rendered the special law unconstitutional. The code sections were general laws, and the facts stated clearly distinguish that case from the present. The distinction is recognized, and in the last concluding words of the opinion on that subject it is stated: "Nor is an act in regard to a city court involved." A similar distinction is to be found in the case of *Atkinson* v. *Bailey,* 135 *Ga.* 336 (69 S. E. 540), where a special law providing for a salary for a sheriff of the county was held to be violative of the above-mentioned provision of the constitution, on the ground that at the time of the passage of the special act there were in existence general laws as embodied in sections 5997, 6001, and 4919 of the Code of 1910, for payment of compensation to the sheriffs. On similar grounds the case may be distinguished from *Clark* v. *Clark,* 137 *Ga.* 185 (73 S. E. 16), *Greer* v. *Turner County,* 138 *Ga.* 558 (75 S. E. 578), and *Board of Commissioners of Sumter County* v. *Mayor and City Council of Americus,* 141 *Ga.* 542 (81 S. E. 435).

4-10. The rulings announced in headnotes four to ten, inclusive, do not require elaboration.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*