TALIAFERRO COUNTY *v.* EDWARDS, administratrix.

PER CURIAM. Under the decision of this court in *Atkinson* v. *Bailey*, 135 *Ga*. 336 (69 S. E. 540), the act approved August 6, 1925 (Acts 1925, p. 752), making it the duty of the sheriff of Taliaferro County to patrol that county, and providing compensation for such service, is in conflict with article 1, section 4, paragraph 1, of the constitution of this State (Civil Code, § 6391), which provides that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," and is therefore invalid. And see *Greer* v. *Turner County*, 138 *Ga*. 558, 566 (75 S. E. 578). The case of *Sammons* v. *Glascock County*, 161 *Ga*. 893 (131 S. E. 881), does not conflict with the above ruling, because, under the constitution, provisions applicable to county commissioners are not required to be uniform. Civil Code (1910), § 6600. *Tucker* v. *Shoemaker*, 149 *Ga*. 250 (99 S. E. 865), is not in conflict with what is here ruled, because the extra compensation allowed in that case is for all of the sheriffs of the State.

2. The foregoing deals with the controlling question in the case, and it is unnecessary to decide the other questions.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent.*

No. 7450. OCTOBER 3, 1930.

*Hawes Cloud,* for plaintiff in error. *M. L. Felts,* contra.