NEWPORT *et al.,* trustees, *v.* LONGINO *et al.,* commissioners.

No. 9863. MAY 18, 1934.

*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for plaintiffs.
*Dorsey, Shelton & Pharr,* for defendants.

BELL, J.   By an act approved February 15, 1933 (Ga. L. 1933, p. 213), the General Assembly provided for a system of pensions for members of the police department in cities having a population of 150,000 or more.   Section 6 provided for a board of trustees "to manage the funds."   Section 11 provided "that on and after the passage of this act there shall be paid into the treasury of such cities as are herein described the sum of three dollars ($3.00) arresting fee for each person that is arrested by a member of such police department, and who is bound over by the recorder's court of such city to the courts of said State or any county thereof having jurisdiction to try such alleged offender as may be arrested as aforesaid, and that said fee of $3.00 shall be paid into the city treasury by the county receiving such prisoner as herein described, and by the treasurer of such city placed in the pension fund for the benefit of the members of the police department and their dependents as herein stipulated."

F. A. Newport and others, alleging that they were the duly elected trustees of the pension fund of the police department of the City of Atlanta, filed mandamus proceedings against George F. Longino Jr. and others, commissioners of roads and revenues of Fulton County, to compel the commissioners to issue warrants to the county treasurer in the sum of $1800, payable to the City of Atlanta, for the use of petitioners as members of the pension board. The petition was filed in May, 1933, and the amount of the claim was based upon the allegation that during the month of February of the same year 600 persons arrested by members of the police department of the city were bound over by the recorder's court of the city to the courts of Fulton County "having jurisdiction to try said offenders," and that for the use stated the city was entitled to $3 for each prisoner as an arresting fee.   The defendants filed an answer attacking the constitutionality of the act of 1933 upon several grounds.   The judge held the act unconstitutional on each

and all grounds set forth in the answer, and denied the prayer for mandamus absolute. To this judgment the plaintiffs excepted.

■ One contention made by the answer was that section 11 of the act, as quoted above, is invalid, because it violates the constitutional provision that no special law may be enacted in any case for which provision has been made by existing general law. Civil Code (1910), § 6391. We agree to this contention. Under the general law of this State, arresting fees can be paid only from funds derived from fines and forfeitures, unless they are assessed against and paid by the defendants on conviction. Penal Code, §§ 1112, 1113, 1114; *Atkinson* v. *Bailey*, 135 *Ga.* 336 (69 S. E. 540) ; *Clark* v. *Reynolds*, 136 *Ga.* 817 (8) (72 S. E. 254) ; *Clark* v. *Clark*, 137 *Ga.* 185 (73 S. E. 16). Whether or not such general law could be varied in certain counties by a classification based upon population, the act here under consideration does not attempt a classification for this purpose. It merely provides for a system of pensions for members of the police departments in cities having a certain population or more. This is not a classification of counties for any purpose. The act of the General Assembly abolishing the fee system in counties of a class which included Fulton did not change the general law as to the fund from which the arresting fees of police officers could be paid. Ga. L. 1924, p. 87. Nor is the act of 1933 limited to counties of the class to which the act of 1924 was made applicable. Section 11 of the act here in question can not be construed as requiring payment of such fees only out of the fine and forfeiture fund. It declares that the county shall pay into the city treasury the sum of $3 for each person who is arrested by a member of the police department and who is bound over by the recorder's court, and contains no express or implied condition for the payment of such fee from the fine and forfeiture fund only. Accordingly, this section of the act is in violation of the constitutional provision against the passage of any special law as to a matter for which provision has been made by a general law. See *Board of Commissioners of Sumter County* v. *Americus*, 141 *Ga.* 542 (81 S. E. 435) ; *Smith* v. *State*, 160 *Ga.* 857 (2) (129 S. E. 542). The reasoning of this court in *Abbott* v. *Commissioners*, 160 *Ga.* 657 (4), 668 (129 S. E. 38), is not applicable in construing the act here under consideration.

■ Other attacks were made upon the constitutionality of sec-

tion 11; but inasmuch as the judge sustained every attack made, and since we have agreed with him as to one of them, as indicated, it is unnecessary to go further and pass upon the other questions raised. It was not error to refuse a mandamus absolute.

*Judgment affirmed.   All the Justices concur.*