REYNOLDS *et al.,* commissioners, *v.* O'NEAL.

No. 13181.   FEBRUARY 16, 1940.

*John R. Wilson* and *W. H. Miller,* for plaintiffs in error.

*G. G. Bower, A. B. Conger, M. E. O'Neal Jr.,* and *B. Y. Ramsey,* contra.

DUCKWORTH, Justice. ■ The defendant in error urges that the bill of exceptions be dismissed because no motion for a new trial was filed in the case. It is insisted that plaintiff in error is seeking to review the sufficiency of the evidence without having first filed a motion for a new trial. In support of this motion the defendant cites *Beall* v. *Mineral Tone Co.,* 167 *Ga.* 667 (146 S. E. 473), *Durden* v. *Harper,* 174 *Ga.* 570 (163 S. E. 192), and *Hamilton National Bank* v. *Robertson,* 177 *Ga.* 734 (171 S. E. 293). While it is true that under these decisions the sufficiency of the evidence to support the verdict can not be reviewed by this court where there has been no motion for a new trial, yet in both *Beall* v. *Mineral Tone Co.* and *Hamilton National Bank* v. *Robertson,* supra, it is expressly recognized that where exception is taken to the direction of a verdict upon the ground that there are issues of fact which should have been submitted to the jury, no motion for a new trial is necessary to obtain a review of the ruling complained of, and that a direct bill of exceptions is a proper procedure for the review of such an assignment of error. In *Durden* v. *Harper,* supra, it was pointed out that no assignment of error on the final judgment was there made, and this court held only that, where the case was tried by a jury and the losing party sought to test the sufficiency of the evidence to support the verdict, a motion for a new trial was indispensable. The assignment of

error in the present bill of exceptions does not seek to test the sufficiency of the evidence to support the verdict, but rather complains of the direction of the verdict on the ground that there were issues of fact which should have been submitted to the jury. The final judgment entered on the verdict so directed was also excepted to. A motion for a new trial was not essential to a review of the assignments of error in the present bill of exceptions, which is a proper procedure for a review of those assignments. See *Walker County Fertilizer Co.* v. *Napier*, 184 *Ga.* 861 (193 S. E. 770); *Mullis* v. *McCook*, 185 *Ga.* 171 (194 S. E. 171). The motion to dismiss must be and is denied.

■ Error is assigned on the order of the trial court overruling the general demurrer to the petition. This assignment raises the question of the legal authority and duty of the commissioners to pay the costs of the plaintiff, a notary public and ex-officio justice of the peace, for issuing warrants in misdemeanor cases where there has been a conviction and sentence in the city court of Bainbridge and the defendant has been delivered to and accepted by the public-work camp of Decatur County. It is conceded by all parties that the answer to this question must be found in the act establishing the city court of Bainbridge (Ga. L. 1900, pp. 104-113), and the several amendments thereto. Section 40 of the act provides that justices of the peace, in admitting defendants to bail in misdemeanor cases, shall make the same returnable to the city court of Bainbridge, and section 30 requires the judge of the superior court to transfer indictments of misdemeanors to the city court of Bainbridge for trial. By the provisions of this act all justices of the peace of the county are required to look to this court for the collection of all legal costs due them in such cases, but there is nothing in the act requiring the county to pay costs to the justices of the peace from the general funds of the county in those misdemeanor cases where the defendants are given straight sentences on the county chain-gang. Subsequently the act was amended so as to require the county to pay justices of the peace and constables their lawful costs in misdemeanor cases where the defendants were tried and convicted in the city court of Bainbridge and delivered to and accepted by the county for work on the county chain-gang. Ga. L. 1924, p. 225. In 1931 the act was further amended by increasing the solicitor's salary, placing the

clerk on a salary, and providing that the fees of the solicitor and clerk be collected and disbursed by a proper official of the court and upon order of the judge paid to the treasurer of the county, and repealing the entire act of 1924. Ga. L. 1931, pp. 285-289. In 1933 the act was further amended by making the sheriff of the city court of Bainbridge the disbursing officer of the court, and requiring him to disburse all funds coming into his hands as the law directs. Ga. L. 1933, pp. 307-309. Section 4 of this act is apparently the basis of the claim of the defendant in error in this case. It provides for the payment by the county commissioners, for all defendants in misdemeanor cases convicted in the city court of Bainbridge and delivered to and accepted by the county authorities, to the sheriff of his legal fees and costs in such cases out of the county treasury. It is insisted that the language of this section is broad enough to authorize a construction that would embrace the claims of the defendant in error. The particular language of the act relied upon is as follows: "pay in cash to the sheriff of the city court of Bainbridge his legal fees and costs in such cases out of the county treasury of Decatur County, as compensation for services rendered for said county by said sheriff and as expenses of court in the trial and conviction of said convicts so delivered." It is strongly argued by defendant in error that this language was intended to embrace all legal costs, including that of the justices of the peace, incurred in the trial and conviction of the defendants.

We know of no reason why the justices of the peace are not justly entitled to the very modest fees which the law fixes for their services in such cases, but whether or not these fees shall be paid from the treasury of Decatur County is a question solely for determination by the legislature expressing by enactment the will of the people of the county. Regardless of what this or any other court may think of the justice of the claim of such officers to compensation, it can be awarded to them by judicial action only if authorized by legislative enactment. It is significant and indicative of the legislative intent that the single legislative provision for such payment was expressly repealed. It is significant also that the language above quoted refers to the sheriff and to the sheriff only, and is silent as to the justices of the peace. While, as contended by the defendant in error, some of the language used

appears to be superfluous if the costs of the sheriff are all that are embraced therein, yet it is likely that the legislature had in mind division 2 of the opinion of this court in *Commissioners of Decatur County* v. *Martin,* 161 *Ga.* 220 (130 S. E. 569), wherein it was said that "The act of 1924, supra, properly construed, makes officers' fees of the character therein required to be paid *expenses of court* within the meaning of article 7, section 6, paragraph 2, of the constitution," and it was held that because such fees were "expenses of court" the county authorities were empowered by the constitution to levy a tax for the purpose of paying such fees. We think therefore that the language of section 4 of the 1933 act relied upon in this case, "as expenses of court," was inserted in the act in order to render constitutional the payment of such costs from county funds in the treasury of the county. We do not think that the language will permit of a construction that would embrace the costs of justices of the peace. We are supported in this construction by that portion of the caption of the act upon which this particular section is based, wherein it is declared that it is "to provide for the payment of the costs of the sheriff of the city court of Bainbridge as expenses of court for persons tried, convicted in criminal cases, and delivered to the legal county authorities having charge of the county chain-gang." This language in the caption makes reference to the costs of the sheriff and to no other officer, and defines these costs as "expenses of court." In the light of this provision of the caption, the conclusion is inevitable that the provisions of section 4 have reference only to the costs of the sheriff. Nor does the fact that it is referred to as "his legal fees and costs" make it ambiguous or indicate that officials other than the sheriff are entitled to payment of their costs by virtue of this provision.

The petition failing to show any authority or duty of the county commissioners to pay the amount claimed, it was subject to general demurrer, and it was error to overrule the general demurrer thereto.    *Judgment reversed. All the Justices concur.*