CHAPPELL, commissioner, *v.* KILGORE, sheriff.

No. 14629.    SEPTEMBER 13, 1943.

*Boykin & Boykin,* for plaintiff in error.
*Willis Smith, Robert D. Tisinger,* and *J. L. Smith,* contra.

GRICE, Justice. Kilgore, the sheriff and jailer of Carroll County, obtained mandamus against Chappell, the Commissioner of Roads and Revenues of Carroll County, to compel the payment of the salary provided for by the act approved February 25, 1943, entitled "An act to fix a salary for the jailer of Carroll County, Georgia," etc. (Ga. Laws 1943, p. 856). The case was tried on the pleadings on a stipulation of counsel that no issue of fact was involved. The defendant attacked the validity of the cited act, as a special law in a case for which provision has been made by an existing general law, contrary to the constitution of this State, art. 1, sec. 4, par. 1 (Code, § 2-401), and on the ground that it conflicts with art. 11, sec. 3, par. 1 (Code, § 2-8401), in relation to uniformity in county offices. The defendant excepted to the grant of mandamus absolute. The brief of counsel contains the statement that the constitutional questions are the only ones presented by the record.

1. The act relied on by defendant in error is a special law within the meaning of par. 1 of sec. 1 of art. 1 of the constitution; for it seeks to relate its subject-matter to only a single county in this State. See the many authorities cited in the opinion in *Union Savings Bank & Trust Co.* v. *Dottenheim,* 107 *Ga.* 606, 618-624 (34 S. E. 217).

2. The act undertakes, according to its caption, to fix a salary for the jailer of Carroll County, in addition to the fees and compensation allowed under the general law to be paid out of the county treasury, and in section 1, after fixing the amount of the salary, declares that "This is to be paid in addition to the compensation received as jailer and sheriff of Carroll County, Georgia,

under the general law of said State." The Code, § 24-2823, declares that "Sheriffs, being ex-officio jailers, shall receive the following fees for official duties performed by them, to-wit;" and then follows a list of duties for the performance of each of which his fee is fixed at 60 cents, with a further statement that the ordinary or commissioner shall fix the amount he is to receive for dieting prisoners; the section concluding as follows: "Provided, that no local law regulating county jails or fixing salaries for jailers, or their fees, shall in any way be affected or repealed by this section. No local law shall be affected hereby: Provided, that if provision be made by local or special law for special compensation, the sheriff shall not be entitled to compensation both under this section and under such local or special law." So much of that portion of section 24-2823 dealing with fees of the jailer was codified from the act approved December 18, 1792 (Cobb's Dig. 351), and the act approved September 27, 1881 (Ga. L. 1880-81, p. 90). In the latter act may be found a proviso as follows: "Provided, nevertheless, that no local law regulating county jails or fixing salaries for jailers, or their fees, shall in any way be affected or repealed by this act." These words were carried forward in the Code, the word "section" being substituted for "act." The language seems to indicate that what the General Assembly had in mind was the possibility of there being in existence some local law on the subject contained in the proviso; not that it was intended to declare that the act should not become operative in any county where such a local law might thereafter be enacted.

In view of the latter part of the section next above referred to, is there a general law in this State fixing the compensation of jailers? If the local laws which are mentioned in the quoted part of the section refer to local laws then in existence, the question might arise whether a law otherwise general in its operation could be held general within the meaning of the constitutional provision in the Code, § 2-401, if on its face it excepted from its operation laws operating not over the entire State. Compare *Lorentz* v. *Alexander*, 87 *Ga.* 444 (13 S. E. 632). We have, however, in the briefs been referred to no local acts on this subject which were in existence when the statutes now codified as § 24-2823 were enacted; nor has our search therefor discovered any. We therefore proceed upon the premise that there were none. If it be otherwise

a general law, a provision therein that any local law enacted in the future should not be affected thereby, would run counter to the express command contained in paragraph 1 of section 4, of article 1 of the constitution, in that whereas the organic law declares that no special law shall be enacted in a case for which provision has been made by an existing general law, the Code section declares the very opposite. The constitution must govern.

Two other sections remain to be noticed. The Code, § 77-101, declares that sheriffs are by virtue of their offices jailers of the counties, and have the appointment of jailers, subject to the supervision of the ordinary, as prescribed by law. Section 77-103 fixes the fees of jailers, and adds that "This section shall not vary or repeal any local act regulating the fees of jailers." The quoted words refer to any local law then in existence, since it uses the words "vary or repeal." The section containing these words was codified from the act approved March 2, 1875 (Ga. L. 1875, p. 22), and the act approved September 28, 1881 (Ga. L. 1880-81, p. 76). The act of 1875 merely clarified the existing law as it then stood with reference to the fees of the jailer for turning the key in habeas-corpus cases. The act of 1881 declared only that at the end of section 3698 of the Code of 1873, which fixed the fees of jailers, the same be amended by adding the following proviso: "Provided, that nothing contained in this section shall be construed to vary or repeal any local act regulating the fees of jailers." Section 3698 of the Code of 1873 is in language identical with that contained in section 77-103 of the present Code, except that the latter contains the clause, "This section shall not vary or repeal any local act regulating the fees of jailers." The Code sections fixing the compensation of sheriffs and jailers constitute a general law, notwithstanding the presence in two of the sections of references to local acts as hereinbefore pointed out.

It is argued by counsel for defendant in error that the act should not be construed as an attempt to pay the sheriff additional compensation for services rendered by him, but as creating a salary for the jailer in addition to the jail fees now collected by him. This insistence is predicated on the proposition that there are many items of services which have to be rendered by the jailer which can be collected, if collected at all, only from the prisoners after conviction, and for which the county itself is not liable. See *Lump-*

*kin County* v. *Davis,* 185 *Ga.* 393 (195 S. E. 169). From such construction it is sought to draw the conclusion that the act does not cover a subject-matter provision for which has been made by an existing general law, since the general law provides no compensation for merely keeping the jail. We can not follow this line of reasoning. Sheriffs are by virtue of their office jailers of the counties, although they may, subject to the supervision of the ordinary, appoint jailers. Code, § 77-101. While the caption of the act describes it as one to "fix a salary for the jailer of Carroll County," etc., and does not use the word sheriff, and the first part of section 1 declares that "the jailer of Carroll County, Georgia, shall be paid a salary of $150 per month, payable out of the county treasury of said county, . . for keeping the jail," the latter part of the same section declares that "This is to be paid in addition to the compensation received as jailer and sheriff of Carroll County, Georgia, under the general law of said State, and the commissioner . . shall upon the first day of each month pay to said sheriff out of the funds in the county treasury the sum of $150 per month for said services." The compensation of the sheriff and jailer, and from whom and in what manner it shall be received, are fixed by general law. For a local act to undertake to pay him out of county funds a salary for keeping the jail is to add to his compensation which is fixed under the general law.

Would not the legal problem be the same if the attack were directed against a local law which declared that the clerk of the superior court should be paid from the county treasury a monthly salary for keeping his office open? Or the ordinary for keeping his open? Are not the fees established by the general law intended as full compensation for the clerk for keeping his office open? For the ordinary for keeping his open? For the jailer for keeping the jail? It is one of the duties of the clerk of the superior court "to keep his office and all things belonging thereto at the county site and at the court-house," etc. Code, § 24-2714. There is a similar provision as to the ordinary. The law requires that "his office shall be open for the transaction of all business at all times, except Sundays and holidays." § 24-2104. No fees are prescribed for the particular service of keeping their offices open, although the public is served thereby. And it is one of the official duties of the sheriff, as jailer, to keep the jail. It is true that it is to the inter-

est of the public that it be kept. It is a service which the sheriff as jailer renders to the public. That there is under the general law no separate provision for paying him for keeping the jail does not mean that the entire compensation of the sheriff is not fixed by the general law.

The controlling question in this case was practically decided by this court in *Atkinson* v. *Bailey,* 135 *Ga.* 336 (69 S. E. 540), where a special act authorizing the authorities of Camden County to pay the sheriff of that county a certain salary in addition to the fees allowed by law was held invalid under the constitution, art. 1, sec. 4, par. 1. The basis of the ruling was that the Code sections providing for the compensation of the sheriffs of the State for official duties performed by them constitute a general law. The decision was by five Justices, one member of the court being disqualified, but it has several times been cited approvingly. See *Clark* v. *Clark,* 137 *Ga.* 185, 187 (73 S. E. 16); *Greer* v. *Turner County,* 138 *Ga.* 558, 567 (75 S. E. 578); *Board of Commissioners of Sumter County* v. *Americus,* 141 *Ga.* 542, 546 (81 S. E. 435); *Taliaferro County* v. *Edwards,* 171 *Ga.* 289 (155 S. E. 180). The special act must fall before the constitutional attack made upon it. It was erroneous to grant the mandamus.

*Judgment reversed. All the Justices concur, except Wyatt, J., disqualified.*