## SIMMONS *v.* COOK *et al.*

When a successful bidder at a sale of property made by the sheriff under execution does not pay or tender the amount of his bid in cash, but, without any knowledge or consent of the plaintiff in fi. fa., relies on an arrangement made with the sheriff to receive the money from another source, he is not, if the arrangement so made is not productive of the amount bid so as to be promptly available to the plaintiff in execution, entitled to restrain a resale of the property, nor to require a conveyance to him; and this is so whether the sheriff acted in good or bad faith in failing to execute the arrangement made.

Argued December 6, 1899. — Decided January 26, 1900.

Petition for injunction.    Before Judge Lumpkin.    Fulton
county.    June 8, 1899.

*Simmons & Corrigan,* for plaintiff.
*W. W. Haden,* for defendants.

LITTLE, J.    Simmons filed an equitable petition against
Nelms as sheriff of Fulton county, Sammons, and Cook, the lat-
ter of whom was plaintiff in a certain execution against Sam-
mons, which had been levied on certain land of the defendant,
which petitioner claimed he had purchased at the sale made by
the sheriff.    He prayed that the sheriff be enjoined from resell-
ing the property and be required to specifically perform the con-
tract of sale made by him to the petitioner, and that it be de-
creed that the sheriff should make a deed of conveyance of the
land to the petitioner; also for general relief.    On the hearing
the evidence of the petitioner tended to establish the following
facts:    On the first Tuesday in April, 1899, Nelms, sheriff, by
virtue of the fi. fa. described, after levy and due advertisement
put up and exposed for sale certain parts of land lot 190 in the
17th district of Fulton county.    At said sale petitioner was the
highest and best bidder, and the same was knocked down to him
for the sum of six hundred dollars.    On the same day certain
lands belonging to the petitioner, which had been levied on to
satisfy certain fi. fas. against him, and which had been duly ad-
vertised, were also sold by the sheriff, and the Equitable Loan
& Security Company became the purchaser of the land belong-
ing to petitioner for the sum of $28,200, which said last-men-
tioned sum was paid to the sheriff, on the evening of the day of
the sale, in the form of a certified check on a solvent bank.    At
the time of said payment, executions to the amount of about
eighteen thousand dollars against petitioner were in the sheriff's
hands, claiming the fund arising from the sale of his property.
Under these circumstances petitioner directed the sheriff to ap-
propriate enough of the balance of the proceeds of the sale of
his land to pay the amount of his bid for the Sammons prop-
erty.    This the sheriff failed to do, although there were several
thousand dollars in his hands in excess of the amount of the
executions against petitioner which had been lodged with said

sheriff as claiming the proceeds of the sale. The petitioner claimed that the evidence also established the allegation made by him, that subsequently to the day of the sale he tendered to the sheriff the amount of his bid and demanded a conveyance. It appears also that the property bid off by petitioner was readvertised for the May sales by the sheriff, at the risk of petitioner, for non-compliance with his bid. The sheriff testified, that on the first Tuesday in April he did offer for sale the interest of Sammons in the two tracts of land, under the execution proceeding in favor of Cook, and that petitioner was the highest bidder and the property was knocked off to him for the sum of six hundred dollars. In the afternoon of that sale day the attorney for the plaintiff in execution called on him for the money, and, being informed that the petitioner had not complied with his bid, he directed the sheriff to resell the property if petitioner did not comply before the close of the legal hours of sale on that day. Thereupon the sheriff demanded of petitioner a compliance with his bid, and petitioner promised to pay the same, but did not. On the next day the attorney for the plaintiff in execution instructed him to readvertise and sell the property at the May sales, and in accordance with said instructions he readvertised said property to be sold at the risk of petitioner. On the same sale day (in April) he did sell at public outcry a piece of real estate belonging to the petitioner, under a fi. fa. which had been issued against him, and that property brought $28,200. In payment of the last sum, after the banks of the city had closed, the purchaser gave him a check, but he did not get the money nor any part of it until after 9 o'clock on the next day. Subsequently petitioner instructed him to appropriate six hundred dollars of this money in payment of his bid. Before the May sales, the attorney for Cook, plaintiff in execution against Sammons, informed him that an error had been made in the execution under which the sale of the Sammons property had been had, and to satisfy which the property was readvertised for the May sales at the risk of petitioner, and instructed him not to proceed further under that execution, but to return it to the clerk of the court that it might be amended and corrected, and to release Simmons from all liability arising from his bid made

at the April sales.   All this he did, and withdrew the adver-
tisement to resell the property, and the execution has since
been corrected, and the plaintiff has paid the advertising fees
for both the April and May sales.   There was other evidence,
both by the plaintiff and the defendant, on the same line and
tending to support their different contentions.   The judge,
after argument, refused to grant the injunction, and dissolved
the restraining order previously issued; and to this judgment
plaintiff in error excepted.

While it was the undoubted right of the plaintiff in error to
have appropriated to his bid any sum of money which remained
in the hands of the sheriff in excess of the legal claims held by
the sheriff against him, it does not appear as a matter of fact
that any sum of money was in the hands of the sheriff belong-
ing to the plaintiff in error on the day of the sale of the prop-
erty for which he was the highest bidder, but that, as the pur-
chase-price for the property of the plaintiff in error which was
sold on the same day, the sheriff accepted, after banking hours,
a check on one of the banks in the city, and that he really did
not receive the money until the following day.   Nor does it
satisfactorily appear from the evidence that, at the time the
check for the purchase of petitioner's property was cashed,
there was any amount in excess of that required to pay off exe-
cutions and liens against petitioner in the hands of the sheriff;
but even if there had been, the arrangement which the peti-
tioner alleges he made with the sheriff was not such a contract
as would be decreed to be performed.   The plaintiff in fi. fa.
was directly interested in the sale and the prompt collection of
the money represented in the petitioner's bid, and had a right
to require the bidder to comply with the obligations the law
imposed on him, and it is not alleged that the plaintiff in fi. fa.
consented or even knew of the alleged arrangement between
the bidder and the sheriff.   As was said by Chief Justice Jack-
son in the case of *McLendon* v. *Harrell*, 67 *Ga.* 440: "Cash,
not credit, is that which the law requires them [sheriffs] to
exact from every bidder, and no man's note, or check, or draft,
is, in the cold and impartial eye of justice, the equivalent of
cash.   Once relax the rule, and the gate to collusion and fraud

is swung back so wide that an ocean of corruption would enter, and the fairness of public sales would be at an end." See also *Jones, Drumright & Co.* v. *Thacker & Co.*, 61 *Ga.* 329. It is certain that the petitioner did not tender to the sheriff, on the conclusion of the sale, the amount of his bid in cash. Had he done so, he would have complied with the obligation which the law requires, to entitle him to a conveyance of the property. Not having done so, whether the sheriff did or did not act in good faith with him, and whether the sheriff ought or ought not to have considered the amount of the bid paid, is a question between the petitioner and the sheriff; but so far as the plaintiff and defendant in execution, who had each a direct interest in having the law of sheriffs' sales complied with, are concerned, it was no complete sale; and while it was the right of the plaintiff in execution to have the property subsequently resold at the risk of the petitioner, he was not obliged to do so, and when he withdrew the advertisement for resale he was acting strictly within his legal rights; and as the petitioner had not so complied with the legal terms of the sale as to entitle him to a conveyance of the land, and as it does not affirmatively appear that the petitioner tendered the amount of his bid before the plaintiff abandoned the intention to resell at the risk of the petitioner, he ought not to be heard to complain. The judge committed no error in refusing to grant the injunction.

*Judgment affirmed. All the Justices concurring.*