## 13279. KETCHAM v. HINES.

</div>

BELL, J. 1. Bank checks are not payment until themselves paid, without an express agreement that they are to be accepted as such. Civil Code (1910), § 4314; *Norton* v. *Paragon Oil Co.*, 98 *Ga.* 468 (25 S. E. 501); *Brantley Co.* v. *Lee,* 109 *Ga.* 478 (34 S. E. 574); *Sims* v. *Bolton,* 138 *Ga.* 73 (14 S. E. 770). •

2. The command of a process final in its nature, directing a levying officer to make by levy and sale the sum of money mentioned therein, is not complied with by receipt of the debtor's check, and where a levying officer, in lieu of the execution of the process, receives such check, he does so at his peril, in the absence of any authority from the plaintiff in the process so to do. *Phillips* v. *Behn,* 19 *Ga.* 298 (5); *Simmons* v. *Cook,* 109 *Ga.* 553, 556 (34 S. E. 1033); *Prince* v. *Wood,* 23 *Ga. App.* 56 (6) (97 S. E. 457).

3. This was a suit by H., as one indorser, against K. as a prior indorser, upon a dishonored check. It indisputably appears from the evidence that upon delivery to H., as a levying officer, of a process final in its nature, sued out by K. against C., commanding the officer to make by levy and sale a sum of money therein stated, H., instead of a due and proper execution of the process, received a check from C., payable to the order of K., for the principal amount of the process and the officer's cost, without any authority from K. either to refrain from levying or to receive the check, and that the check when delivered by H. to K. was indorsed by the latter and redelivered to H. to be cashed, who then also indorsed it in order to procure the cash thereon from a bank, not the bank upon which the check was drawn, and delivered the proceeds over to K., less the officer's cost; that the check was subsequently dishonored and thereafter charged against the individual account of H. and returned to him by the bank by which it had been cashed, and K. refused

then to repay to H. the amount thereof; and that property of C. was available out of which the full amount of K.'s claim could have been made by H. if he had proceeded with the process as required by law. There was no evidence that K. ever accepted the check under an express agreement that it was received by him in satisfaction of the process, or as a discharge of the obligation of H. duly to execute the same. *Held:* (a) The evidence demanded the conclusion that without any fault of K., but solely by the breach of the duty of the officer to execute the process, K. was damaged in the amount of his lien, which was the amount that K. had received as the proceeds of the check; in view of which the verdict in favor of H. against K. was contrary to the evidence, and therefore contrary to law. Civil Code (1910), §§ 5342, 4314. (b) It was therefore error to overrule the motion of K. for a new trial.

<div align="center">

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 15, 1923.

</div>

Complaint; from city court of Leesburg — Z. S. Childers, judge pro hac vice. July 19, 1921.

*Robert R. Forrester,* for plaintiff in error.