29022. BROOKE *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

DECIDED JUNE 19, 1941.

*Roy S. Drennan,* for plaintiff in error.

*Neely, Marshall & Greene, W. Neal Baird,* contra.

FELTON, J. The Union Central Life Insurance Company sued Tully J. Brooke for principal, interest, and attorney's fees on promissory notes, one principal note for $3000 and one interest note for $210. The defendant filed his answer in which he contended that the notes sued on should have been credited with $3025, by reason of the following facts: the plaintiff, under the terms of a security deed given it as security for the debt evidenced by the notes, advertised the property described therein for sale and on the day specified in the advertisement sold the property at public outcry to C. J. Camp for $3025. The evidence showed without dispute that E. P. Carrier, attorney for the plaintiff from the Atlanta office, represented the plaintiff in advertising the property and in attempting to sell it. C. J. Camp made the highest bid, and it was knocked off to him at $3005. Camp refused to accept a deed executed by the plaintiff through Carrier as duly authorized attorney in fact, and insisted on a deed signed by officers of the plaintiff at its home office in Cincinnati. When such a deed was tendered to him within ten days he refused to accept it and comply with his bid. The sale was not withdrawn nor was a resale had. The judge directed a verdict for the plaintiff for the amount sued for. The defendant excepted to the overruling of his motion for new trial.

The security deed authorized (but did not require) Union Central Life Insurance Company to sell the property conveyed as

security at public outcry for cash and to apply the proceeds to the debt. Under the circumstances the postponement of the collection of the bid did not amount to an extension of credit (*Willbanks* v. *Untriner,* 98 *Ga.* 801, 25 S. E. 841); nor was it the assumption of an obligation to enter into a contract other than as attorney in fact. There was no voluntary agreement on the part of the company to postpone the time of payment, which would render it liable for the amount of the bid, even if such an agreement would have bound it under *Willbanks* v. *Untriner,* supra. Brooke has not been prejudiced in any way. He still holds the same rights in the land that he held before the attempted sale, and it is still as much subject to the debt as it was before the attempted sale. There was no evidence of negligence, fraud, collusion, or bad faith of any kind on the part of his creditor. There was no completed cash sale which would require the credit contended for. See *Simmons* v. *Cook,* 109 *Ga.* 553 (34 S. E. 1033) and *Dwelle* v. *Blackshear Bank,* 115 *Ga.* 679 (42 S. E. 49). The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*