32533, 32562. DRAKE *v.* PARKMAN; and *vice versa.*

Decided July 15, 1949.

*Lipshutz, Macey & Franklin,* for plaintiff.
*Douglas, Evans & Cole,* for defendant.

Felton, J. 1. The court was without authority to dismiss the action, where at a prior term another judge had made the law of the case by overruling the general demurrer when no

motion to vacate or change it was made during the term. *Lough-ridge* v. *Dalton*, 166 *Ga.* 323 (143 S. E. 393); *Sims* v. *Georgia Ry. & Elec. Co.*, 123 *Ga.* 643 (51 S. E. 573); *Kaiser* v. *Kaiser*, 195 *Ga.* 774 (25 S. E. 2d, 665); *Ponsell* v. *Citizens & Southern Bank*, 35 *Ga. App.* 460 (133 S. E. 351); *Georgia Northern Ry. Co.* v. *Hutchins & Jenkins*, 119 *Ga.* 504 (46 S. E. 659). That brings us to the same legal question raised in the cross-bill as to whether the court erred in overruling the general demurrer to the petition.

2. The court did not err in overruling the general demurrer to the petition. Since this issue involves a question of statutory construction, it is necessary to set out the applicable Code sections: 84-1401 (Ann. Supp.). "It shall be unlawful for any person . . to engage in the business or capacity . . of a real-estate broker . . within any county in this State having a population of 75,000 or more . . without first obtaining a license under the provisions of this Chapter." 84-1409. "Licenses shall be granted only to persons who are trustworthy and bear a good reputation for honesty and fair dealing, and are competent to transact the business of a real-estate broker or real-estate salesman in such manner as to safeguard the interest of the public, and only after satisfactory proof thereof has been presented to the Georgia Real Estate Commission." 84-1413. "No person . . shall have the right to enforce in any court any claim for commissions, profits, option profits, or fees for any business done as real-estate broker or salesman, without having previously obtained the license required under the terms of this Chapter." 84-9921. "Any person or corporation acting as a real-estate broker or real-estate salesman within the meaning of Chapter 84-14 without a license, and all persons who violate any other provisions of said Chapter, shall be guilty of a misdemeanor and shall be punished as prescribed in Section 27-2506, and if a corporation, by a fine not to exceed $1000.00." The foregoing laws, requiring the licensing of real-estate brokers in counties having a population of 75,000 or more, are regulatory, and contracts made without having obtained a license are illegal and void, and there can be no recovery for services rendered. *Padgett* v. *Silver Lake Park Corp.*, 168 Ga. 759 (149 S. E. 180). The laws were enacted for the benefit of the public, and penalize

only the person who undertakes to act without complying with the law. Where one deals with a real-estate broker who has not obtained a license, without knowing that he has not obtained a license, he is not in pari delicto with the broker. Where one so dealing with an unlicensed real-estate broker is not in pari delicto, he may recover back money paid, though the transaction is completed. 12 Am. Jur. §217, p. 735; 6 Williston on Contracts, pp. 5078-5082, 5085-5088, §§ 1787, 1789; 2 Pomeroy's Eq. Jur., §842. "Where the law that creates the illegality in the transaction was designed for the coercion of one party and the protection of the other, or where the one party is the principal offender and the other criminal only from a constrained acquiescence in the illegal conduct, in such cases there is no parity of delictum at all between the parties, and the one protected by the law or acting under compulsion may, at any time, resort to the law for his remedy, even though the illegal transaction is completed." 40 Am. Jur. 861, §213. See also Kneeland v. Emerton, 280 Mass. 371 (183 N. E. 155, 87 A. L. R. 1); Smith v. Bach, 183 Cal. 259 (191 Pac. 14). Recovery for money paid over on an illegal contract when the parties are not in pari delicto should be, all the more, allowed where, as in the case at bar, the illegality of the transaction depended on the existence of peculiar facts which were known to the defendant but unknown to the plaintiff, and the plaintiff had no intention of participating in a violation of the law. 17 C.J.S. "Contracts," 679, §291; Graham v. Dean, 144 Tex. 61 (188 S. W. 2d, 372).

Parkman contends in his cross-bill that the original act did not provide a civil penalty (prohibit a recovery for services rendered); that the amendment to the act in 1929 (Code § 84-1413) provided that no claim for fees or other compensation by brokers or salesmen who have not complied with the act could be enforced; that the legislature was cognizant that fees or commissions sought to be earned in contravention of a criminal statute were void and unenforceable; and that, by providing that a broker or salesman could not enforce his claim to a fee or compensation, the legislature necessarily excluded the other civil penalty of having to pay back the fees or compensation collected in an action therefor. After careful consideration, we do not think that the rule of "expressio unius est exclusio alterius" ap-

plies in this case. The rule is not universal but is limited in use and application and should be applied with caution. "It has even been declared that the maxim is properly applicable only when, in the natural association of ideas, that which is expressed is so set over by way of contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment." 50 Am. Jur. 240, §245. It seems clear that the legislature was legislating concerning the affirmative efforts of the broker or salesman to recover, and did not intend to deal expressly or impliedly with the rights of the other party dealing with the broker or salesman to recover moneys paid or to deal with the broker's or salesman's defensive rights in an action against him. The principal purpose of the legislature was to prohibit the use of the courts for the purpose of enforcing an illegal contract, whether it knew that such was already the law or not. Their provision for the prohibition did not make it any less the law. No such intention to enforce public policy would be involved in permitting a recovery back of illegal fees paid. The allegations of count one of the petition stated a cause of action and the court did not err in overruling the general demurrer thereto.

*Judgment affirmed on the cross-bill, and reversed on the main bill. Sutton, C. J., and Worrill, J., concur.*