36873. SUNDY *v.* ALLGOOD.

Decided October 29, 1957.

*H. Dale Thompson,* for plaintiff in error.

*Larsen & Larsen, W. W. Larsen, Jr., Harold E. Ward,* contra.

GARDNER, P. J. 1. Counsel for the plaintiff states that it is the wish of counsel to present the argument in five sections, i.e. (1) the answer set forth no defense to the action, (2) because the answer attempts to add to and vary the terms of a written contract, (3) the answer admits execution of the note for the amount stated and sets forth no valid defense against the plaintiff's petition, (4) that portion of the answer that tries to set forth a cross-action is without merit because no grounds for cross-action are set forth, and (5) all of the answer after paragraph 2

is without merit for the reason that said answer and attempted cross-action are not the kind of action that can be set forth in defense of a suit on a promissory note. We shall follow this method substantially in our opinion.

As to the general demurrers to the answer going to subsection (1) set out hereinabove, it is contended that when there is a plea that there is no indebtedness on the part of a defendant and the defendant proceeds to set forth certain facts specifically as constituting the reason for no indebtedness, such is not a plea of the general issue and there are not two pleas but one. Counsel cites *Dendy* v. *Gamble & Copeland*, 59 *Ga.* 434. The ruling there does not hold as authority for reversal of the instant case, because the answer in the instant case covered other allegations which were not shown in the cited case. It is true that a debtor should be diligent in informing himself regarding the status of the account for which the note is given, and in the absence of such diligence, ignorance of the status of the account can not be pleaded as a defense to an action upon the note, basing such plea upon alleged fraud in procuring the note where such plea does not show that artifice or trickery was used to prevent the debtor from discovering the alleged fraud. See *Dortic* v. *Dugas*, 55 *Ga.* 484 (6). It is true also that when a debtor fails to make himself cognizant of a situation before committing himself to pay obligations, such debtor manifests laches, against which neither a court of law nor of equity can give relief. See *Hollingshead* v. *American Nat. Bank*, 104 *Ga.* 250 (30 S. E. 728). However, in the instant case the record shows that no opportunity was given to the defendant to acquaint himself with the true facts. It is our opinion that the answer set forth a defense to the action. The court did not err in overruling the demurrers to the answer.

We will now discuss subsection (2) which goes to the demurrer to the effect that the answer attempts to add to and vary the terms of a written contract. This corresponds with the second paragraph of the demurrer to the answer. Code § 20-704 provides: "Parol evidence is inadmissible to add to, take from, or vary a written contract. All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may explained; so if a part of a contract only is

reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." This assignment of error is not well taken.

We will now discuss subparagraph (3) corresponding to paragraph 3 of the demurrer which sets out that in order for a cross-action to avail or for the defendant to properly plead a cross-action, such as here, the defendant must admit the execution of the note on which suit is brought, even though the defendant attempts to deny the execution of the note. The court did not err in the ruling on this portion of the demurrer.

Subsection (4) corresponding to paragraph 4 of the demurrer to the answer, sets out that the answer as amended pleads a memorandum agreement on which the promissory note was alleged to be based; that a cross-action must set forth with the same particularity as an original cause of action; that the attempted cross-action does not state how or in what manner the plaintiff was indebted to the defendant except on undisclosed amounts between the parties prior to the giving of the note; that the sale was consummated under the agreement and the note given which settled all accounts. The assignment of error as to this subdivision is not well taken.

We come next to discuss subsection (5), corresponding to paragraph 5 of the demurrer to the answer which demurred to all of the answer after paragraph 2 (which we have quoted hereinabove) for the reason that said answer and cross-action is not the kind of action that can be set forth in defense of a suit on a promissory note for the reason that both the purported account and the action on the promissory note to Mr. and Mrs. Reese were vague and indefinite and further that the record does not show that the note was assigned to the defendant; that the note did not show that the defendant had a right to recover on either the note or the account.

The answer and cross-action allege that the parties agreed to enter into a sale of property for a stated amount and at a certain time, and then alleges fraud and misrepresentation in a general way. In *Dortic* v. *Dugas*, 55 *Ga.* 484 (6), supra, this court said: "With equal opportunities for knowing the truth, a party grossly failing to inform himself must take the conse-

quence of his neglect." See also *Martin* v. *North Ga. Lumber Co.*, 72 *Ga. App.* 778, 781 (35 S. E. 2d 270). In that case the court stated that the plaintiff had the same opportunity as did the defendant to ascertain the amount of timber on her land, and that she was not prevented by fraud or deceit from having this done, and further that it does not appear that any relation of confidence or trust existed between the parties which would have authorized the plaintiff to rely on the alleged false representations. This court ruled that the trial court properly sustained the demurrers. We deem it prudent to quote the following excerpt from the opinion of the court in that case (p. 782): "Where a party by common caution and prudence can guard himself, the law will not protect him in his negligence, and one who grossly fails to inform himself must take the consequences of his neglect, there being no allegation in the petition showing that the plaintiff was fraudulently prevented from doing so." See also *Lewis* v. *Foy*, 189 *Ga.* 596 (6 S. E. 2d 788), *Truitt-Silvey Hat Co.* v. *Callaway & Truitt*, 130 *Ga.* 637 (2) (61 S. E. 481), *Feingold* v. *McDonald Mortgage &c. Co.*, 166 *Ga.* 838 (145 S. E. 90), and *Angier* v. *Equitable Building &c. Assn.*, 109 *Ga.* 625 (35 S. E. 64). In the instant case the defendant did not have the same opportunity as did the plaintiff to know the true status of the interest of the plaintiff or the status of the business, because the plaintiff had control of the books of the business and never furnished the results of a promised audit of the affairs of the business.

All objections to the overruling of the demurrers show no reversible error.

We come next to discuss the general demurrers to the answer covering paragraphs 25 through 31 inclusive. We have studied these paragraphs in relation to the demurrers and the rulings thereon and find that the court did not err in overruling the demurrers.

2. We decline to reverse the ruling of the court refusing to grant the motion for a judgment notwithstanding the verdict.

3. Special ground 1 assigns error because it is alleged that the court erred in charging the jury as follows: "Mr. Allgood files an answer to this petition setting up the allegation and contending the note was without consideration and was obtained by

fraud and devices. And in this petition he filed a cross-action, and I am directing a verdict in the case against the cross-action, and I am submitting to you the question solely of the note and whether or not it was without consideration and obtained by fraud. Mr. Allgood contends in this case that it was without consideration and it was obtained by fraud, and since the execution of the note Mr. Allgood has paid for Mr. Sundy the sum of $4,279. He contends that was hidden indebtedness that he had to pay on the account of a misrepresentation of Mr. Sundy at the time of the execution of the note in question." It is contended that such charge is erroneous and injurious to the defendant because it was argumentative in that it expressed an opinion as to the contentions of the defendant in regard to the specific sum for which the defendant contended, and after directing a verdict against the cross-action, went further and picked out an amount contended by the defendant to be due him; that it was confusing and misleading to the jury. In view of the evidence and the pleadings in the instant case, the court did not commit reversible error as contended in this special ground.

4. Special ground 2 contends that the court erred in charging the jury as follows: "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other; and in the latter case such misrepresentation voids the instrument, though the party making it was not aware that his statement was false.

"A fraudulent misrepresentation may be perpetrated by acts as well as words, and by artifices as well as by acts and words.

"Concealment of material facts may in itself amount to a fraud, when from any reason, one party has a right to expect full communication of the facts from the other; or where one party knows the other party is laboring under a delusion with respect to the matter under consideration, and yet keeps silent.

"Suppression of a fact material to be known, and which the party is under obligation to communicate, constitutes a fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case.

"Fraud may be actual or constructive. Actual fraud consists

in any kind of artifice by which another is deceived. Constructive fraud consists in any act of omission or commission contrary to legal or equitable duty, trust or confidence justly reposed, which is contrary to good conscience and operates to the injury of another. The former implies moral guilt; the latter may be co-existent with innocence.

"Misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted upon by the opposite party, or if made by mistake and innocently, and acted on by the other party, constitutes legal fraud.

"In this case there must be the misrepresentation of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted upon by the opposite party, in order for that to be applicable.

"Fraud may be consummated by signs, tricks, or through agents employed to deceive, or any other unfair way to cheat another."

It is contended that such charge was erroneous and not sound as an abstract principle of law, was not adjusted to the facts of the case and was injurious. In view of the whole charge of the court, it is our opinion that this ground is not cause for reversal.

5. Special ground 3 assigns error because it is contended that the following material evidence was illegally admitted by the court to the jury, over objections: "Q. Directing your attention again to exhibit C, attached to the amendment, what is that on the bottom of the exhibit, that is the note from you and Mr. Sundy to Mr. Reese? A. Correct. Q. What is that on the bottom of it? A. In consideration of the sum of $8,700 and an additional payment of $800 interest, the within note and all rights thereunder are hereby transferred and assigned to J. L. Allgood without recourse; this 4th day of May, 1955. Signed by Mr. A. E. Reese. Q. Did Mr. Sundy pay any part of that? A. No, sir. Q. Where is the original note, Mr. Allgood, the Reese note, do you have it or is it lost? A. As far as I know it's lost. Mr. Thompson might know where it is. Q. The things that you have testified about, did they have any effect upon your agreement, did they induce you to make your agreement or not? A. I'll put it this way, if I had known of the hidden

indebtedness that came up at a later date, I would have never agreed to have bought any part of the interest until such time we knew that everything was right. I relied solely on Mr. Sundy for the rightness of what his investment was and what the condition of the corporation was, because he handled the books. Q. Suppose you had known that you would have to pay the entire obligation to the Reeses? A. I would have never entered into this agreement. Q. Suppose you had known that the $2,800 worth of building materials were not paid for, what effect would that have had? A. That would have had the same effect; all of these would have to be accountable for as his part of his investment as we agreed to in the contract, and if I had only known, I did everything I could to find out what the condition of the corporation was, and how much money he had in it, we asked for the audit, I would have either asked him to deduct it and then bought it, or I would have just let him have it and work it out the best way he could." The evidence was objected to at the time it was offered on the following grounds of objection: "I wish to object and ask the court to rule out all the testimony as to the purchase of the corporation, of the interest in the corporation from Mr. Reese by Mr. Sundy and Mr. Allgood. The evidence was that this was some several months beforehand and I don't think it would have anything to do with the question before the court. Also, as to the admissibility of the note from them to Reese. I object to the testimony of the list of accounts that Mr. Allgood claims on the theory that the list has not ever been produced in evidence, and any testimony as to this list, the written list, would be the highest and best evidence." There was a further objection to the effect that the party offered the evidence to which objection was made; that the court overruled the objection and admitted the evidence which was material, prejudicial and hurtful to the movant; because it allowed the jury to consider a transaction entered into before the note was given in settlement; because the defendant was the witness whose testimony was alleged to have been illegally admitted; that the inadmissibility of the evidence was beyond doubt.

In view of the allegations of the petition and the answer thereto, it is our opinion that this evidence was admissible.

The plaintiff and the defendant were coowners of the corporation, the plaintiff being the officer in charge of the books and records. The plaintiff furnished to the defendant a false listing of the accounts payable, showing the amounts to be greater than they were in fact, for the purpose of misleading the defendant into believing that the business of the corporation was of greater value than it was in fact. The agreement to pay $17,000 representing his one-half interest was subject to correction by a subsequent audit. This special ground shows no reversible error.

6. Special ground 4 assigns error because it is contended that the court erred in admitting the check from Glynn Isles, Inc., made payable to the Director of Internal Revenue shown as Exhibit No. 3 in the record. The plaintiff objected to the evidence as soon as and at the time it was offered and then urged that the check was dated and signed after the execution of the note and after the sale had been completed and was therefore inadmissible; that the opposite party offered the evidence; that the court overruled the objection and admitted the evidence which was material, prejudicial and hurtful to the plaintiff; that the defendant was the witness whose testimony is alleged to have been illegally admitted. This special ground shows no reversible error for the same reason regarding special ground 3.

7. Special ground 5 assigns error because it is contended that the court erred in allowing the defendant to introduce the contract dated August 30, 1954, and shown as defendant's Exhibit No. 2. The plaintiff objected to the evidence at the time it was offered on the grounds that the note was given in a full closing of all prior accounts and that any evidence to go behind it would be inadmissible; that the defendant offered the evidence and was the witness whose testimony is alleged to have been illegally admitted; that the court overruled the objection and admitted the evidence, which was material, prejudicial and hurtful to the plaintiff.

This special ground shows no reversible error, under the record.

8. Inasmuch as we have set out much of the evidence in discussing the special grounds we do not deem it necessary to detail the evidence further. Suffice it to say that the evidence supports the verdict of the jury.

The court did not err in overruling the demurrers to the answer of the defendant, the motion for a new trial, or the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*