## 22152. SCOGGINS v. PUCKETT et al.

HEAD, Presiding Justice. J. B. Scoggins filed his petition for legal and equitable relief against James K. Puckett and others, based upon alleged fraud and deceit. At the conclusion of the plaintiff's testimony the trial judge announced that he would direct a verdict for the defendants, and such verdict was directed. *Held:*

1. The first assignment of error in the bill of exceptions is on the direction of the verdict in that "the issues of fact presented were for the determination by the jury." "The direction of a verdict may be reviewed by a direct bill of exceptions assigning error on the ground that there were issues of fact which should have been submitted to the jury. The rule that the sufficiency of the evidence can be reviewed only by a motion for a new trial does not apply in such cases." *Reynolds v. O'Neal,* 189 Ga. 690 (7 SE2d 229).

2. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. . ." *Code* § 105-302. The record discloses, and the bill of exceptions recites, that "the court granted said motion for directed verdict upon the contention that plaintiff showed by his own evidence that he did not rely upon the misrepresentations of the defendants." It appears that the court reached this conclusion because the plaintiff had employed counsel. Under the plaintiff's testimony, construed in its entirety, the jury would have been authorized to find that the plaintiff had relied in part on the representations of the defendants Puckett and Siler, and in part on his attorney. "It was not necessary, in order for the plaintiff to recover, that the deceit in question should have been the sole inducement which led him to make the investment. It was sufficient if it influenced his conduct materially." *James v. Crosthwait,* 97 Ga. 673, 680 (25 SE 754, 36 LRA 631). See also *Reeves v. Williams & Co.,* 160 Ga. 15 (127 SE 293); *Georgia Fruit Growers, Inc. v. Vaughn,* 45 Ga. App. 17 (163 SE 221); *Patterson-Pope Motor Co. v. Ford Motor Co.,* 66 Ga. App. 41, 49 (16 SE2d 877); 23 Am. Jur. 946, Fraud and Deceit, § 145; 37 CJS 448, Fraud § 123; Prosser on Torts, 2d Ed., § 89, pp. 550, 551. "Where an action is brought for false representations, the question whether the plaintiff could by the exercise of ordinary dili-

gence have discovered the falsity of the representations is for the determination of the jury." *Summerour v. Pappa,* 119 Ga. 1 (5) (45 SE 713).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1963—DECIDED OCTOBER 10, 1963.

*George H. Kasper, Jr.,* for plaintiff in error.

*Richardson & Chenggis, Miles B. Sams, James K. Puckett, pro se,* contra.