40926. A. M. KIDDER & COMPANY, INC. v. CLEMENT
A. EVANS & COMPANY, INC.

Decided March 11, 1965—Rehearing denied April 2, 1965.

*Smith, Ringel, Martin, Ansley & Carr, Hoke Smith,* for plaintiff in error.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., J. Clifton Barlow, Jr., James C. Lockwood,* contra.

*George Hibbert,* amicus curiae.

HALL, Judge. ■ For the purposes of this opinion we will assume, but do not decide, that Kidder is correct in its contention that in purchasing securities for McAlpin after the transactions on September 19 and 20, 1961, in which McAlpin gave Evans his check for the purchase of securities, and then sold the securities in the account and withdrew the proceeds of sale before his check for their purchase had been honored by the drawee bank, Evans violated Section 4(c)(8) of Regulation T of the Federal Reserve Board, 12 C.F.R. § 220, 4(c)(8), which provides: "Unless funds sufficient for the purpose are already in the account, no security other than an exempted security shall be purchased for, or sold to, any customer in a special cash

account with the creditor if any security other than an exempted security has been purchased by such customer in such an account during the preceding 90 days, and then, for any reason whatever, without having been previously paid for in full by the customer, the security has been sold in the account or delivered out to any broker or dealer:  . . ."  See 12 C.F.R. 162, § 220.117.

Kidder contends that the violation of Regulation T was conduct expressly declared against the public policy of the United States, and shows as a matter of law that Evans has no right to recover.  "The courts have struggled with conflicting considerations of policy for hundreds of years in situations akin to the one here now."  Fellner v. Marino, 158 NYS2d 24, 26.  While we find cases dealing with situations akin to the one now before this court, we find none like it.  Instead of precedents we find only statements of general principles applicable to problems of this nature.

This is an action for damages sustained by Evans as a result of a conspiracy in which the defendants made to Evans fraudulent misrepresentations which induced Evans to act to its detriment.  There was no contract between Evans and Kidder.  The defendant in a fraud action cannot assert as a defense that the transaction induced by the fraud was illegal or against public policy.  37 CJS 361, § 68.  The doctrine barring recovery for fraud where the parties are in pari delicto is based on the principle that to give the plaintiff relief would contravene public morals and impair the good of society.  Hence, it should not be applied in a case in which to withhold relief would, to a greater extent, offend public morals.  23 Am. Jur. 1005, § 183; 1 CJS 1001, § 13.  A court of justice will not lend its aid to the enforcement of any contract, the making of which is prohibited, nor in support of any action by either party where the same is dependent upon an illegal or immoral transaction. *Glass v. Childs,* 9 Ga. App. 520, 522 (71 SE 920); *Smith v. Patterson,* 82 Ga. App. 595, 598 (61 SE2d 679).  But a person does not become an outlaw and lose all rights by doing an illegal act.  Cases where the action is based on an illegal contract do not apply where the action is based on the right not to be led by fraud to change one's situation, or where the par-

ties are not in pari delicto. National Bank & Loan Co. v. Petrie, 189 U. S. 423, 425 (23 SC 512, 47 LE 879); accord *Wallace v. Cannon,* 38 Ga. 199, 205; *Drake v. Parkman,* 79 Ga. App. 679, 681 (54 SE2d 714); *Allen v. Gornto,* 100 Ga. App. 744, 757 (112 SE2d 368); Waggoner v. Western Carolina Pub. Co., 190 N.C. 829 (130 SE 609). Not every violation of a statutory command or prohibition gives rise to civil liability to one harmed by the violation or carries with it as a penalty an inability to enforce civil rights from acts which would have been lawful except for the statute. Irving Weis & Co. v. Offenberger, 220 NYS2d 1001, 1003.

The view taken by the Federal Government of its regulation may be helpful in evaluating the needs of public policy affecting this case. In 1953 the Securities and Exchange Commission acted in proceedings brought to revoke registration and to invoke other disciplinary action against a broker, charging that the broker extended credit to a customer in violation of Sections 7(c)(1) and (2) of the Securities Exchange Act and Regulation T of the Federal Reserve Board. The Commission found that the broker effected five sales of securities prior to receipt of payment for them, and that these sales were relatively insignificant in number as compared to the total transactions effected for the customer, and the broker was entitled to continue to believe that the customer would pay for his purchases promptly and that he did not contemplate selling the securities prior to making payment. The Commission found that credit was extended to the customer in violation of Section 4(c)(8) of Regulation T in that, within 90 days after the five sales effected before payment for the securities had been received, 24 purchase transactions were effected for the cash account customer when funds sufficient for payment were not already in his securities account. "Section 4(c)(8) . . . does not exonerate a broker who has acted in reliance on a good faith agreement, but rather sets forth an absolute prohibition, although we may take good faith into consideration in determining whether a sanction is appropriate in the public interest, and we have considered it in that connection. . . Under all of the circumstances we find that although registrant violated Section 4(c)(8) of Regulation

T, such violation was not willful. . . Under all the circumstances, we do not consider it necessary or appropriate in the public interest or for the protection of investors that disciplinary action be taken." In the matter of Thompson v. McKinnon, 35 S.E.C. Decisions and Reports 451, 459, 460.

We are of the opinion that the public interest does not require denial of recovery to the plaintiff as a matter of law under the facts alleged in this petition, which do not show a wilful violation of law by the plaintiff.

■ Kidder contends further that the petition shows that Evans cannot recover because it did not exercise ordinary care to protect itself from the effect of the alleged fraudulent conduct of the defendants, since the requirements of Regulation T establish the standard of diligence required of a broker. It does not appear that the purpose of Regulation T was to protect brokers from the conduct of other brokers, but that it was to protect investors and the health of the economy. See Report on Stock Exchange Practices, S. Rep. No. 1955, 73 Cong., 2d Sess. 11 (1934); Hearings on Stock Exchange Practices Before Senate Committee on Banking and Currency, 73 Cong., 2d Sess. pt. 15 (1934); H. R. Rep. No. 1383, 73d Cong. 2d Sess. 8 (1934).

In *Scott v. Fulton Nat. Bank*, 92 Ga. App. 741 (89 SE2d 892), relied on by the defendant, the petition did not allege facts showing the bank's agent to have been knowingly and intentionally deceitful or dishonest, or facts from which it could be reasonably inferred that the plaintiff acted with diligence. This case and *Glover v. Townsend, Crane & Co.*, 30 Ga. 90, and the cases which the *Glover* case follows, are not applicable to the present issue.

Where an action is brought for false representations, the question whether the plaintiff could by the exercise of ordinary diligence have discovered the falsity of the representations is for the determination of the jury. *Summerour v. Pappa*, 119 Ga. 1, 5 (45 SE 713); *Scoggins v. Puckett*, 219 Ga. 282 (133 SE2d 17); *Daugert v. Holland Furnace Co.*, 107 Ga. App. 566, 570 (130 SE2d 763). The facts shown in the present petition are not sufficient to authorize us to say as a matter of law that

the plaintiff was wanting in ordinary diligence to protect itself from the defendant's alleged wrongful conduct.

The trial court did not err in overruling special demurrers to certain paragraphs of the petition, setting out transactions between the defendants and banks and other brokerage houses, on the ground that they were not germane to the alleged cause of action. Every fact which has bearing on and a tendency to prove the ultimate fact in issue—the existence of a conspiracy to defraud—is entitled to be considered. *Horton v. Johnson*, 192 Ga. 338, 346 (15 SE2d 603); *Cook v. Robinson*, 216 Ga. 328 (116 SE2d 742); Bank of Commerce &c. Co. v. Schooner, 263 Mass. 199 (160 NE 790).

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*