43104, 43258.   A. M. KIDDER & COMPANY, INC. et al. v.
CLEMENT A. EVANS & COMPANY, INC.; and vice versa.

ARGUED NOVEMBER 9, 1967—DECIDED FEBRUARY 9, 1968—
REHEARING DENIED FEBRUARY 29, 1968—CERT.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Claude E. Hambrick, William J. McAlpin, Jr.,* for appellants.

*Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., Jule W. Felton, Jr., J. Clifton Barlow, Jr.,* for appellee.

QUILLIAN, Judge. ■ The enumerations of error in the main appeal (Case 43104) complaining solely of the grant of a new trial on the ground that no transcript of the evidence had been filed are without merit. *Code Ann.* § 70-301 (Ga. L. 1965, pp. 18, 30) provides in part that the trial judge may in his discretion "hear and determine the motion before the transcript of evidence and proceedings is prepared and filed."

Nothing held herein is in conflict with *Hill v. General Rediscount Corp.,* 116 Ga. App. 459 (157 SE2d 888) because in the case sub judice the order does not indicate that the trial judge did not consider the evidence in granting the motion for new trial. Absent a contrary showing, this court will presume that the judgment is supported by every fact essential to make it valid and binding. *Kiser v. Kiser,* 101 Ga. App. 511 (1) (114 SE2d 397) ; *Law v. Coleman,* 173 Ga. 68 (159 SE 679).

■ Since as a result of the affirmance on the main appeal the case remains to be retried, we now consider the grounds of the cross appeal as set out in the statement of facts. See *A. C. Alexander Lumber Co. v. Bagley,* 184 Ga. 352, 365 (191 SE 446); *Robinson v. Ga. Savings Bank &c. Co.,* 185 Ga. 688, 700 (8) (196 SE 395); *Reed v. Reed,* 202 Ga. 508 (2) (43 SE2d 539).

The first ground complains that the court erred in submitting the defendant McAlpin's plea of payment to the jury since the plaintiff was entitled to a directed verdict on that issue. On the trial of the case the defendant contended the fact that he gave the plaintiff a note for the amount in question and certain property (stocks) as security for that note was evidence of some payment. The security was given to a lawyer for the plaintiff who testified he held title as trustee for the defendant McAlpin. He related that no proceeds had been derived from the property and the plaintiff had not received any sums therefrom or otherwise as payment on the note.

Notes are not payment until themselves paid, without an express agreement that they are to be accepted as such. *Stokes v. Walker,* 21 Ga. App. 630 (2) (94 SE 841); *Ketcham v. Hines,* 29 Ga. App. 627 (116 SE 225); *Sulter v. Citizens Bank & Trust Co.,* 51 Ga. App. 798 (181 SE 694); *Cohen's Dept. Stores v. Siegel,* 60 Ga. App. 79 (1) (2 SE2d 762). Here there was no evidence of any express agreement and in fact the plaintiff's attorney testified: "Q. When this note was given and accepted, will you state whether or not anything was said about it being in settlement of the indebtedness? A. No, that note was not in settlement of anything. It merely stated the amount owed at that time. . . Q. Was anything said about it being evidence of the indebtedness? A. The entire purpose of it was to show the amount McAlpin owed at that time, after getting credit on his original indebtedness."

Although the circumstantial evidence was equally susceptible to the inference that the plaintiff did or did not accept the note as payment, the only direct evidence was that the plaintiff took the note as evidencing the amount owed and not as payment, and had not received any payment on the amount in question. A finding of fact which may be inferred but is not demanded by

circumstantial evidence will not support a verdict when by the positive and uncontradicted testimony of an unimpeached witness which is perfectly consistent with the circumstantial evidence, it is shown that no such fact exists. *Myers v. Phillips,* 197 Ga. 536 (29 SE2d 700).

The trial judge should have granted a directed verdict for the plaintiff on the plea of payment.

■ The plaintiff contends that the court erred in submitting the issue of "Regulation T" of the Federal Reserve Board to the jury since the evidence conclusively showed that the plaintiff had not acted in violation of the regulation.

On the trial of the case, at the time the plaintiff moved for a directed verdict it contended that the evidence showed without dispute that it had not wilfully violated the regulation. The trial judge decided that issue adversely to the plaintiff's contention. Thus, despite the plaintiff's argument that there was no violation of "Regulation T" as a matter of law we only consider the issue raised below, to wit: Did the plaintiff wilfully violate the regulation? See *Crown Carpet Mills v. C. E. Goodroe Co.,* 108 Ga. App. 327 (1) (132 SE2d 824). For a discussion of this issue see *A. M. Kidder & Co. v. Clement A. Evans & Co.,* 111 Ga. App. 484, supra.

One of the plaintiff's agents in his testimony categorically denied that there was any intent to wilfully violate the statute. However, the evidence shows that a member of the Securities & Exchange Commission informed the agent of the plaintiff that it was in technical violation of the regulation. We also recognize the rule that everyone is presumed to know the law. *Code* § 102-105; *Myers v. Atlantic Greyhound Lines,* 52 Ga. App. 698, 702 (184 SE 414) ; *Wilson v. State,* 57 Ga. App. 839 (197 SE 48) ; *Hughes v. State Bd. of Medical Examiners,* 162 Ga. 246, 250 (134 SE 42). "What the person himself testifies is not necessarily conclusive, because the jury is authorized to apply the homely maxim that 'actions speak louder than words,' and from one's acts they may determine that the intention was directly opposite from what he says it was. Motive is to be determined as much by what one does as by what he says." *Alexander v. State,* 118 Ga. 26, 28 (44 SE 851). Thus, the law set out in Division 2

regarding direct evidence as opposed to circumstantial evidence would not be applicable here. Instead, there would be a clear conflict of evidence which would be for the jury's determination.

■ The plaintiff contends the court erred in excluding from evidence the defendant McAlpin's affidavit which recited in detail the various schemes the plaintiff alleged in its petition. While conceding that the affidavit was inadmissible as to the defendants Garrett and Kidder, the plaintiff urges that the affidavit was admissible as an admission by the defendant McAlpin.

The record shows that the deposition of the defendant McAlpin which recited, word by word, every statement contained in the affidavit was admitted into evidence with the exception of certain portions which, upon objection, were excluded by the trial judge. The rule is, of course, well settled that where testimony or a document is offered as a whole, it is not error to disallow the same, where a portion of the proffered evidence is inadmissible. *Tracy's Auto Parts, Inc. v. Turner*, 105 Ga. App. 418, 419 (124 SE2d 687) ; *Stewart v. Avery*, 38 Ga. App. 431, 433 (144 SE 218) ; *Culpepper v. Bower*, 203 Ga. 784, 789 (48 SE2d 369). Furthermore, this evidence was merely cumulative of that already adduced on the trial. Hence, no harm was occasioned by the refusal to allow the affidavit into evidence. *Morris v. Johnson*, 222 Ga. 76 (148 SE2d 392).

■ The last ground deals with the submission by the court to the jury, and instructions relating thereto, to the effect that if the plaintiff did not exercise ordinary care to discover the fraud and protect itself then it was not entitled to recover. The plaintiff argues that such charges as contained in the enumerations of error were inapplicable.

"Misrepresentations are not actionable unless the hearer was justified in relying on them in the exercise of common prudence and diligence." *Doanes v. Nalley Chevrolet, Inc.*, 105 Ga. App. 846, 848 (125 SE2d 717). We recognize the rule that "while a party must exercise reasonable diligence to protect himself against the fraud of another, he is not bound to exhaust all means at his command to ascertain the truth before relying upon the representations." *Dorsey v. Green*, 202 Ga. 655, 659 (44 SE2d 377) ; *Daugert v. Holland Furnace Co.*, 107 Ga. App. 566, 570

(130 SE2d 763). Furthermore, the plaintiff may introduce facts showing that he was prevented, by the fraud and deceit of the defendant, from ascertaining the truth. *Martin v. North Ga. Lumber Co.,* 72 Ga. App. 778, 782 (35 SE2d 270); *Arthur v. Brawner,* 174 Ga. 477 (163 SE 604); *Lawton v. Byck,* 217 Ga. 676, 683 (124 SE2d 369).

However, in the above cited cases and in numerous others the cardinal rule is that: "Where an action is brought for false representations, the question whether the plaintiff could by the exercise of ordinary diligence have discovered the falsity of the representations is for the determination of the jury." *Summerour v. Pappa,* 119 Ga. 1 (5) (45 SE 713); *Scoggins v. Puckett,* 219 Ga. 282, 283 (133 SE2d 17). When this case was before the court on the pleadings, *A. M. Kidder & Co. v. Clement A. Evans & Co.,* 111 Ga. App. 484, supra, it was held that the question of whether the plaintiff had exercised diligence was for the jury. The evidence in this regard parallels the pleadings; thus, that rule would be applicable here.

Moreover, the evidence shows that the plaintiffs had before them certain facts which the jury might have found were sufficient to put them on notice, or made them aware, of possible fraud. Officers of the plaintiff's corporation testified they knew certain of the defendant McAlpin's checks given in payment to the plaintiff had been returned for insufficient funds. One officer of the corporation had stated: "Look, it's a fool that doesn't see the second warning. We don't want to do business with anybody that gives us bad checks." Nevertheless, the plaintiff continued to handle McAlpin's account. There was also evidence that McAlpin's methods and quantity of trading were unusual and that the plaintiff's officers had been concerned and had met to consider his account but had taken no effective action to protect the corporation.

Under such circumstances there was no error in instructing the jury that the plaintiff must exercise diligence to protect itself and thereby submitting such issue for the jury's determination. *Watkins v. Mertz,* 83 Ga. App. 115, 121 (62 SE2d 744); *Sundy v. Allgood,* 96 Ga. App. 570, 579 (101 SE2d 125).

*Judgment affirmed on main appeal; reversed on cross appeal. Jordan, P. J., and Deen, J., concur.*