## 55383. GRANT v. ELDER.

MCMURRAY, Judge.

This is an action to recover back real estate commissions paid to one acting allegedly in the capacity of a real estate broker without a valid license. Plaintiff, Norma E. Elder, who sold the property and paid the real estate commission to the defendant, James F. Grant,

seeks to recover back the real estate commission paid in Count 1 alleging the defendant has acted in bad faith and has been stubbornly litigious and she seeks exemplary damages and reasonable attorney fees as well. In Count 2 she seeks similar damages and attorney fees by reason of a breach of the fiduciary duties the defendant owed the plaintiff by failing to disclose the fact that defendant was not a licensed real estate agent or broker in the State of Georgia. In Count 3 she prays for the same growing out of the false representations of the defendant to the plaintiff that he was a licensed real estate broker and based on this false representation she paid the real estate commission.

Plaintiff moved for partial summary judgment as to the issue of liability under Counts 1 and 2 after discovery, contending the issue of exemplary damages and attorney fees should remain for determination by a jury. This motion was granted after hearing based upon findings of fact and conclusions of law. The findings of fact were that the defendant attempted through negotiations to procure the sale of the land for plaintiff and did in fact procure a buyer and participated in the closing of the sale; that he received at closing the amount of $8,000 in cash and a promissory note in the amount of $4,020 (which was later paid); that the defendant did not hold a valid real estate broker's license from the Georgia Real Estate Commission and at the time of sale the plaintiff had no knowledge that defendant was not licensed and did not discover this until February of 1976. The conclusions of law were that he had acted as a real estate broker within the meaning of Georgia Code Ann. § 84-1402 (a) and (c) (see Ga. L. 1965, pp. 629, 631), was not entitled to retain the commissions paid to him by plaintiff, and payments on the promissory note do not constitute a waiver or estoppel. Defendant appeals. *Held:*

"Where one enters a real-estate brokerage contract with another who has not procured a license to do business as such a broker, and pays a commission to the one acting in the capacity of a real-estate broker, without knowing that he has not obtained a license, he may recover back the commission so paid." *Drake v. Parkman,* 79 Ga. App. 679 (54 SE2d 714). The crux of the *Drake* case is that the illegality of the transaction depended on the

existence of peculiar facts which were known to the defendant but unknown to the plaintiff, and that the plaintiff had no intention of participating in a violation of the law. See page 681 of the *Drake* case wherein it is held that the plaintiff must not be in pari delicto with the defendant. The evidence here shows that the plaintiff contends that the defendant never told her he was a real estate broker but that she assumed, "that anyone who sells real estate has a real estate license." In his answer the defendant admitted that he was not a real estate broker licensed in the State of Georgia and in response to interrogatories in regard to his defense that plaintiff's claim is barred by estoppel he contends that "[p]laintiff knew full well from the outset that Defendant was not a licensed real estate broker and entered into the arrangement to pay a finder's fee with full knowledge." Thus, an issue of fact remains as to whether the plaintiff knew or did not know whether or not the defendant had a Georgia real estate license at the time of the transaction. Defendant has denied that he indicated at any time that he was a real estate salesman, agent or broker, and in answer to the interrogatories contends the plaintiff, "knew full well from the outset that Defendant was not a licensed real estate broker and entered into the arrangement to pay a finder's fee with full knowledge." Plaintiff has submitted evidence to show that she did not know, although she assumed this, and never asked him whether he was a licensed real estate broker or salesman.

The bare assertion or denial of a relationship between the parties is testimony of a fact as to the existence or non-existence of the relationship, although such assertion or denial by a third person not a party to the relationship may be a conclusion or inference of the witness. *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414, 415 (1) (184 SE2d 56) and cits. See also *Hampton v. McCord,* 141 Ga. App. 97, 99 (232 SE2d 582). Consequently, this issue of fact remains for determination by a jury in order for *Drake v. Parkman,* 79 Ga. App. 679, supra, to control. The evidence must be construed most favorably toward the one opposing the motion. *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 129 Ga. App. 718 (1), 719-720 (200 SE2d 918); *Mathis v. R. H.*

*Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122); *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Jaffe v. Davis,* 134 Ga. App. 651, 654 (215 SE2d 533); *Kaplan v. Sanders,* 136 Ga. App. 902, 904 (4) (222 SE2d 630). The trial court erred in holding that the plaintiff "had no knowledge" that defendant was not licensed in this state to sell real estate and in granting the partial summary judgment as to liability as an issue of fact remains as to whether or not she had such knowledge.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

ARGUED MARCH 6, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED MAY 22, 1978 — 

*Charles M. Lipman,* for appellant.
*Henry M. Feinstein,* for appellee.