Ella Bridges Simpson BASSETT

v.

Sidney Winston BASSETT.

No. 17451.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 13, 1979.

Rehearing Denied Oct. 18, 1979.

Brock, Waters & Pigg, Ralph Brock, Lubbock, for appellant.

Scherer, Roberts, Slone, Gresham & Lytle, J. Michael Lytle, Richmond, for appellee.

Before EVANS, WALLACE and WARREN, JJ.

EVANS, Justice.

This is an action to cancel a deed for fraud.

The plaintiff, Sidney Bassett, and the defendant, Ella Bridges Simpson Bassett, both in their 80's at time of trial, were married on September 7, 1976, having known each other for a number of years. At the time of their marriage, Mrs. Bassett was a resident of Lubbock, Texas, and Mr. Bassett lived in Richmond, Fort Bend County. Following their marriage, the parties went to Mrs. Bassett's home in Lubbock so that Mrs. Bassett could get her things together to move to Richmond. On September 14, 1976, seven days after the wedding, Mr. Bassett executed and delivered a deed to Mrs. Bassett, conveying an undivided one-half interest in certain land which he owned in Fort Bend County. The parties stayed at Mrs. Bassett's home in Lubbock until September 28, 1976, at which time Mr. Bassett returned alone to Richmond, Mrs. Bassett declining to go with him. About eight months later, the parties were divorced. Mr. Bassett subsequently filed this suit to cancel the deed, alleging that he had been induced to execute the deed upon Mrs. Bassett's false representation that she would move to Richmond and live there with him as his wife.

In response to special issues the jury found:

Special Issue No. 1

Do you find from a preponderance of evidence that prior to the signing of the Deed in question in this case, Ella Bridges Simpson Bassett made false representations, which she knew at that time to be false, as to material facts to Sidney Winston Bassett with the intent of inducing him to sign said Deed?

Answer: "*We do.*"

Special Issue No. 2

Do you find from a preponderance of evidence that prior to the signing of the Deed in question in this case, Sidney Winston Bassett relied upon false representations, if any, made by Ella Bridges Simpson Bassett, which she knew at the time to be false, as material facts, if any?

Answer: "*We do.*"

Special Issue No. 3

Do you find from a preponderance of evidence that prior to the signing of the Deed in question in this case that Sidney Winston Bassett would not have signed said Deed except for the false representations, if any, made by Ella Bridges Simpson Bassett as to such material facts, if any?

Answer: "*We do.*"

Special Issue No. 4

Do you find from a preponderance of evidence that prior to the signing of the Deed in question in this case, there existed a confidential relationship between Sidney Winston Bassett and Ella Bridges Simpson Bassett?

Answer: "*We do.*"

Special Issue No. 5

Do you find from a preponderance of evidence that Sidney Winston Bassett's transfer of the title of the land in question to Ella Bridges Simpson Bassett was not the result of fraud, coercion or undue influence on the part of Ella Bridges Simpson Bassett?

Answer: "*We do not.*"

On the basis of these findings, the trial court awarded judgment to Mr. Bassett, setting aside the deed.

■ Mrs. Bassett first contends that the promise in question is unenforceable because it is against public policy and that such a promise, even if fraudulently made, cannot serve as a basis for the plaintiff's action. In support of this contention, Mrs. Bassett relies upon the rationale of cases such as *Frame v. Frame*, 120 Tex. 61, 36 S.W.2d 152 (1931) declaring contracts for the performance of marital duties unenforceable as against public policy.

The circumstances in the cases relied upon by Mrs. Bassett are distinguishable from the facts in the case at bar. Mr. Bassett does not ask that Mrs. Bassett be compelled to perform her agreement with him but, instead, requests the court to cancel his deed made in reliance on her fraudulent promise and to restore him to his former position. The cause of action is founded in tort, not in contract, and the defrauding party cannot defend upon the ground that the transaction induced by the fraudulent promise was illegal or against public policy. 37 C.J.S. Fraud Section 68, p. 361; *McVeigh v. McGurren*, 117 F.2d 672 (7th Cir. 1940) cert. denied, 313 U.S. 573, 61 S.Ct. 960, 85 L.Ed. 1531; *A. M. Kidder & Co. v. Clements A. Evans & Co.*, 111 Ga.App. 484, 142 S.E.2d 269, 273 (1965).

■ Mrs. Bassett next contends that the evidence is legally and factually insufficient to support the jury's findings to special issues 1, 2 and 3. In reviewing the "no evidence" points the court will consider only that evidence which is favorable to the jury's findings and will disregard all other evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In considering the points challenging the factual sufficiency of the evidence, the court will consider the entire record to determine whether the jury's findings are manifestly unjust in light of all of the competent evidence in the record. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

The substance of Mr. Bassett's testimony is that prior to the marriage the parties agreed that when they were married they would make their home in Richmond. Following the wedding, Mrs. Bassett said she wasn't going to Richmond unless Mr. Bassett gave her some land, stating "You don't think I'm going to Richmond unless you sign this deed." In reliance on Mrs. Bassett's promise that she would come to live with him in Richmond if he gave her the deed, he caused the conveyance to be prepared and, after execution, delivered it to her. He would not have deeded the land to her if he had known she never intended to move to Richmond and live with him there as his wife. Mrs. Bassett subsequently accused Mr. Bassett of hiding property, demanded that he give her money and more land and told him that she was not going anywhere until he deeded more land to her.

Mrs. Bassett admitted that prior to her marriage to Mr. Bassett she had told him that when they were married she would go to Richmond to live with him and that she made similar statements to him after their marriage and prior to the date the deed was executed. She denied, however, making the statements he attributed to her concerning her refusal to go to Richmond unless he signed the deed and with respect to subsequent demands for money and more land.

It is undisputed that Mrs. Bassett did not carry out her promise to go to Richmond with Mr. Bassett, and the essential fact in dispute was whether Mrs. Bassett intended to keep the promise at the time it was made.

■ Since the promise related to a future event, the burden was upon Mr. Bassett to allege and prove not only that the promise was false, but that at the time it was made, Mrs. Bassett had no intention of keeping it. *Motors Ins. Corp. v. Freeman*, 304 S.W.2d 580, 584 (Tex.Civ.App. Dallas 1957, no writ). The fact that such promise was not performed by Mrs. Bassett does not, in itself, establish such fraudulent intent. *Turner v. Biscoe*, 141 Tex. 197, 171 S.W.2d 118 (1943); *Myers v. King*, 506 S.W.2d 705 (Tex.Civ.App. Houston [1st Dist.] 1974, writ ref'd n. r. e.).

■ The element of fraudulent intent may be established by circumstantial evidence, and the jury was entitled to consider

all the attendant circumstances in determining whether Mrs. Bassett had the intention of keeping the promise at the time it was made. The jury could have inferred from the testimony that Mrs. Bassett made no real preparation for a permanent move to Richmond and that she had indicated very little interest regarding such a move. There was also testimony which tended to show that after the deed was executed and delivered, Mrs. Bassett showed more interest in obtaining additional property and money from Mr. Bassett than in moving to Richmond with him. Furthermore the jury was at liberty to consider Mrs. Bassett's denial of the statements attributed to her concerning the nature of her promise as some evidence of her intention not to perform the promise at the time it was made. *Myers v. King*, supra; *Markman v. Gaitz*, 499 S.W.2d 692 (Tex.Civ.App. Houston [1st Dist.] 1973, writ ref'd n. r. e.); *King v. Tubb*, 551 S.W.2d 436 (Tex.Civ.App. Corpus Christi 1977, no writ).

■ Although Mrs. Bassett gave a plausible reason for her refusal to move to Richmond with Mr. Bassett, stating that subsequent to the marriage she had found Mr. Bassett's physical desires to be abnormal and objectionable, her testimony in this respect was contradicted by Mr. Bassett, and the jury was at liberty to accept his version and to reject hers. The record contains legally competent evidence in support of the jury's findings with respect to the first three special issues, and considering the record in its entirety this court is unable to determine any basis for disturbing the jury's affirmative responses to such issues. *Insurance Co. of North America v. Cangelosi*, 217 S.W.2d 888 (Tex.Civ.App. Waco 1949, no writ).

The next complaint of Mrs. Bassett is that the jury's response to special issue no. 4 is merely evidentiary and insufficient to create a presumption of fraud, coercion and undue influence on the part of Mrs. Bassett and that in connection with special issue no. 5, the trial court erred in placing the burden of proof upon Mrs. Bassett to establish the absence of fraud, coercion or undue influence with respect to the taking of the deed. She contends further that the evidence established the fairness of the transaction, as a matter of law, and that the jury's findings with respect to special issue no. 5 are against the great weight and preponderance of the evidence. In view of the fact that the trial court's judgment may be sustained on the basis of the jury's findings to the first three special issues, it is unnecessary to determine whether the trial court erred in submitting special issues 4 and 5 and whether such issues have evidentiary support. An examination of the entire record does not reflect that the trial court's submission of such special issues, if error, was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rule of Civil Procedure.

■ In her remaining points of error Mrs. Bassett contends that her defense was substantially prejudiced by the trial court's conduct during the course of trial. She complains that the trial court committed reversible error in permitting argumentative cross-examination on immaterial questions of fault regarding her two prior divorces and that the trial court also erred in requiring her to answer a hypothetical question regarding her intent to move to Richmond. She also complains that she was interrupted by the trial court in the midst of her answers upon cross-examination and that she was not permitted to fully explain her answers to questions at the time the questions were asked. A review of the entire record in the case does not show that the matters complained of reflect error requiring a reversal of the trial court's judgment. Rule 434, T.R.C.P.

The trial court's judgment is affirmed.